Argued and submitted September 7, affirmed November 28, 1990

In the Matter of the Compensation of
Audria M. Edwards, Deceased, Claimant.

Patricia TRICE,
Personal Representative of the Estate of
Audria M. Edwards,
*Petitioner,*

*v.*

TEKTRONIX, INC.,
*Respondent.*

(WCB 87-11548; CA A63260)

801 P2d 896

Dennis W. Skarstad, Portland, argued the cause and filed the brief for petitioner.

Kevin Nicholas Keaney, Portland, argued the cause for respondent. With him on the brief were Judy L. Johnson and Stoel, Rives, Boley, Jones & Grey, Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

The issue in this workers' compensation case is whether the personal representative of a deceased claimant's estate has standing to recover unpaid temporary total disability benefits that accrued before claimant's death if the claimant was not survived by a spouse or dependent children. The Workers' Compensation Board concluded that the personal representative does not have standing and dismissed the case. We affirm.

The claimant was disabled as a result of work-related stress. Employer denied her claim. The referee set aside the denial and ordered employer to pay compensation, and the Board affirmed. Employer sent a check for time loss for the period of August through September 5, 1986. Claimant requested a hearing on employer's failure to pay temporary disability benefits in accordance with the referee's order. She died on October 24. At the time of her death, she was unmarried and was not survived by any minor children.

Employer filed a motion to dismiss on the ground that the claimant had died and left no statutory beneficiaries to pursue her request for a hearing. Trice, the claimant's 28-year old daughter, as the personal representative of her estate, moved for an order substituting her for the claimant in the proceeding. The referee denied the motion and granted employer's motion to dismiss the request for hearing. The referee denied reconsideration, and the Board affirmed.

The personal representative argues that the Board erred in granting employer's motion to dismiss, because the personal representative of a claimant's estate may recover any unpaid temporary disability payments that accrued before a claimant's death. *Heuchert v. State Industrial Accident Commission,* 168 Or 74, 121 P2d 453 (1942). She contends that the 1973 amendments to ORS 656.218, Or Laws 1973, ch 355, § 1, were intended to expand the recovery rights for *permanent* partial disability benefits (PPD) and that they do not restrict an estate's ability to recover *temporary* disability benefits under *Heuchert.*

Employer argues that *Heuchert* has been implicitly overruled by later case law and statutory changes. It contends that the current version of ORS 656.218 specifically limits the

right to pursue a hearing to statutory beneficiaries, regardless of whether a claim is for permanent or total disability benefits. ORS 656.218(3),(5). It also contends that, because a personal representative is not a statutory beneficiary, she is not entitled to pursue the claimant's hearing request. We agree.

ORS 656.218 provides, in part:

"(1)   In case of the death of a worker entitled to *compensation,* whether eligibility therefor or the amount thereof have [*sic*] been determined, payments shall be made for the period during which the worker, if surviving, would have been entitled thereto.

"* * * * *

"(3)   If the worker has filed a request for a hearing pursuant to ORS 656.283 and death occurs prior to the final disposition of the request, the persons described in subsection (5) of this section shall be entitled to pursue the matter to final determination of all issues presented by the request for hearing.

"* * * * *

"(5)   The payments provided in this section shall be made to the persons who would have been entitled to receive death benefits if the injury causing the disability had been fatal. In the absence of persons so entitled, a burial allowance may be paid not to exceed the lesser of either the unpaid award or the amount payable by ORS 656.204." (Emphasis supplied.)

In 1973, the legislature amended ORS 656.218, in an effort to remedy the perceived injustice of *Fertig v. State Compensation Dept.,* 254 Or 136, 455 P2d 180 (1969), which held that a claimant's surviving spouse was not entitled to recover permanent partial disability benefits, because no award had been made before the claimant's death from noncompensable causes. The amended statute provides that a surviving spouse and others who are eligible to receive death benefits pursuant to ORS 656.204 are also entitled to all permanent disability benefits, even if the benefits were undetermined at the time of death. It also granted those beneficiaries the right to be substituted for the claimant to seek disability awards.

The personal representative argues that, because the purpose of the 1973 amendments was to expand recovery rights to permanent disability benefits and because there was

no discussion of temporary disability benefits, *Heuchert v. State Industrial Accident Commission, supra,* is still good law, and she can, therefore, recover any unpaid temporary disability benefits that accrued before her mother's death. We disagree.

*Heuchert* is no longer viable in the light of the material change in the language of the pre-1973 law.[1] Unlike its predecessor, which solely concerned permanent partial disability, the current version of ORS 656.218 expressly refers to "compensation," ORS 656.218(1), which includes *both* permanent disability *and* temporary disability benefits. *See* ORS 656.005(8).[2] We presume that the legislature, by amending the statute to refer specifically to the more inclusive term "compensation," intended a change in meaning. *See Fifth Ave. Corp. v. Washington County,* 282 Or 591, 581 P2d 50 (1978).

Nonetheless, ORS 656.218 is clear when it speaks of who can pursue a deceased claimant's hearing request. That right is limited to those who are entitled to death benefits under ORS 656.204, that is, a surviving spouse, children under 18 or a "dependent." *See* ORS 656.005(10). The claimant was unmarried when she died and had no minor children. The personal representative is not a statutory beneficiary entitled to pursue the hearing request.

Affirmed.

---

[1] When *Heuchert* was decided, the statute was OCLA, § 102-1761, the predecessor of ORS 656.218. *Heuchert,* however, does not rely on that statutory provision or on any other.

[2] ORS 656.005(8) provides:

"(8) 'Compensation' includes *all benefits,* including medical services, provided for a compensable injury to a subject worker or the worker's beneficiaries by an insurer or self-insured employer pursuant to this chapter." (Emphasis supplied.)