Argued and submitted October 11, 1995, affirmed June 26, 1996

In the Matter of the Compensation of
Clifton Edwards, Claimant.

Clifton EDWARDS, DCD,
*Petitioner,*

*v.*

CHERRY CITY ELECTRIC, INC.,
and SAIF Corporation,
*Respondents.*

(94-04160; CA A88095)

919 P2d 501

Darrell E. Bewley argued the cause for petitioner. With him on the brief was Vick and Gutzler.

Julene Quinn argued the cause for respondents. On the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and James W. Moller, Special Assistant Attorney General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Claimant suffered a compensable, work-related injury. He died of causes unrelated to the injury before receiving a compensation award. He had no spouse or dependents who survived him. The issue is whether claimant's personal representative could pursue an award of permanent disability benefits that accrued before claimant's death when claimant left no surviving spouse or dependents. The Workers' Compensation Board concluded that the personal representative could not and, further, that the personal representative could not collect a burial allowance under ORS 656.218(5) because there was not an unpaid award of permanent disability benefits. We affirm.

Claimant's injury occurred on September 21, 1991. He filed a claim with SAIF in November 1991, which SAIF denied. On April 10, 1992, a board referee set aside SAIF's denial. SAIF requested review. The board affirmed the referee's order. Finally, in February 1993, SAIF sent a letter to claimant stating that his claim had been accepted and that benefits would be determined.

Claimant died on August 29, 1993. On October 19, 1993, the Department of Insurance and Finance[1] issued a determination order that awarded claimant temporary partial disability benefits but no permanent benefits. Claimant's personal representative sought reconsideration of that order, arguing that claimant should have been awarded permanent partial disability benefits. The department agreed and issued an order on reconsideration that awarded claimant 17 percent unscheduled permanent disability.

In response, SAIF requested a hearing and argued that the order on reconsideration was void because the personal representative lacked authority to request reconsideration by the department. The board concluded that the order on reconsideration was void. It reasoned as follows: The legislature amended ORS 656.268 in 1990 to add a requirement

---

[1] The Department of Insurance and Finance is now the Department of Consumer and Business Services. Or Laws 1993, ch 744, § 1.

that a party seek reconsideration by the department of a disability award in order for the party to request a hearing on the award with the board. *See* Or Laws 1990, ch 2, § 16. ORS 656.218(4), in turn, was last amended in 1987. It authorizes certain beneficiaries of a worker to request a hearing on a permanent disability award, but it does not authorize them to seek reconsideration of the award under ORS 656.268. Therefore, the beneficiaries cannot request a hearing because they cannot satisfy a condition that must be met to do that, which is to request reconsideration under ORS 656.268.

As an alternative ground for its decision, the board held that the personal representative was not a person who could request reconsideration or a hearing because he was not among the parties identified in ORS 656.218(4) who could request a hearing on a permanent disability award for a deceased worker. It relied on *Trice v. Tektronix*, 104 Or App 461, 801 P2d 896 (1990), as support for that conclusion. Finally, it held that the personal representative could not collect a burial allowance under ORS 656.218(5) because the amount of the allowance is the lesser of any unpaid permanent disability award or the amount payable under ORS 656.204(1), and the amount of the permanent disability award due claimant under the original determination order is $0. As a result, the board reversed the referee's decision and vacated the order on reconsideration. The personal representative now seeks judicial review.

ORS 656.218 provides in relevant part:

"(1) In case of the death of a worker *entitled to compensation*, whether eligibility therefor or the amount thereof [has] been determined, payments shall be made for the period during which the worker, if surviving, would have been entitled thereto.

"(2) If the worker's death occurs prior to issuance of a notice of closure or making of a determination under ORS 656.268, *the insurer* or the self-insured employer *shall proceed under ORS 656.268 and determine compensation for permanent partial disability*, if any.

"* * * * *

"(4)  If the worker dies before filing a request for hearing, *the persons described in subsection (5) of this section shall be entitled to file a request for hearing and to pursue the matter to final determination* as to all issues presented by the request for hearing.

"(5)  The payments provided in this section shall be made to *the persons who would have been entitled to receive death benefits* if the injury causing the disability had been fatal. *In the absence of persons so entitled, a burial allowance may be paid not to exceed the lesser of either the unpaid award or the amount payable by ORS 656.204.*"

(Emphasis supplied.)

Claimant died from causes unrelated to his injury before issuance of a notice of closure. Thus, pursuant to ORS 656.218(2), SAIF was required to proceed under ORS 656.268 and determine whether decedent was owed compensation for permanent partial disability. SAIF complied with that requirement by submitting decedent's claim to the department for evaluation and closure. The department issued a determination order that awarded no permanent disability.

■    Claimant's personal representative argues that, at that point, he was entitled to request a hearing pursuant to ORS 656.218(4) to pursue the matter to a final determination. As explained, the board held that he could not because ORS 656.218(4) includes no right to seek reconsideration. We disagree with that analysis. The authority to request a hearing under ORS 656.218(4) implies the authority to satisfy any condition that must be met to file such a request, including the authority to request reconsideration. Thus, any person who is entitled to request a hearing under ORS 656.218(4) is authorized to request reconsideration under ORS 656.268.

■    SAIF argues, however, that only those individuals who would have been entitled to receive death benefits had the injury been fatal are entitled to request a hearing under ORS 656.218(4). Because decedent left no statutory beneficiaries who were entitled to pursue review of his claim, SAIF contends that the initial award denying permanent disability benefits was final. It argues that its position is supported by our decision in *Trice*.

In *Trice*, the claimant had requested a hearing on her entitlement to temporary disability benefits. She died of a cause unrelated to her injury before the hearing could take place. 104 Or App at 463. The claimant's personal representative moved to be substituted for the claimant in the proceeding. The board denied the motion and dismissed the hearing request because it concluded that the personal representative was not an individual entitled under ORS 656.218 to pursue the claim. *Id.* at 465. We affirmed that decision, holding that the only people who could file and pursue a hearing request involving a deceased claimant are the claimant's surviving spouse and dependents. That conclusion controls the decision in this case. Claimant's personal representative is not a person who is entitled to pursue a hearing under ORS 656.218 on claimant's award, so he is not someone who could request reconsideration of the department's determination award, as the board correctly held.

That conclusion may appear anomalous because it seems to leave no one in a position to pursue the burial benefits that ORS 656.218(5) authorizes. It is not as anomalous as it appears, however, when one examines the history of the provision in ORS 656.218(5) authorizing payment of a burial allowance.

The provision was adopted in 1959 when the workers' compensation system was administered by a state agency, the State Industrial Accident Commission.[2] As adopted, it gave the agency the discretion to award a burial allowance to the estate of a deceased worker from the trust fund that it administered. Nothing suggests that the agency was required to make such an award. Moreover, it is unclear the extent to which a decision to deny a burial award could have been challenged on review as an abuse of discretion by the agency.[3]

With the changes made to the workers' compensation system since 1959, there now is no state agency to which

---

[2] *See* Or Laws 1959, ch 450, § 3; *former* ORS 656.002(3) (1959) (repealed by Or Laws 1975, ch 556, § 1); *former* ORS 656.410(2) (1959) (renumbered as ORS 656.726).

[3] *See former* ORS 656.282 to 656.290 (1959) (repealed by Or Laws 1965, ch 285, § 95).

a worker's personal representative can make a request for discretionary payment of a burial allowance. If such a benefit is to be paid, the discretion to make the payment now appears to rest with the insurers and self-insured employers who are responsible for paying workers' compensation benefits. Under that circumstance, there is no need to give personal representatives the right to pursue claims under ORS 656.218, because there is no basis for the department or the board to order an insurer or self-insured employer to pay a burial allowance under ORS 656.218(5), which is the only award that a claimant's personal representative could seek under the statute. Thus, the personal representative was not a person entitled to request a hearing and the board lacked the authority to consider the personal representative's request for a burial allowance.[4]

Affirmed.

---

[4] The personal representative raised no issue on appeal about whether he could collect a burial allowance based on an unpaid award of temporary disability benefits, as opposed to an award of permanent disability benefits. See Trice, 104 Or App at 464-65. Therefore, we do not reach the issue whether the board erred in holding that the personal representative could not collect such an allowance because permanent benefits had not been awarded to claimant.