Argued and submitted January 19, remanded with instructions to vacate order
August 11, 1999, both petitions for review denied February 8, 2000 (329 Or 650)

In the Matter of the Compensation of
Gerald R. Balcom, Deceased, Claimant.

SAIF CORPORATION
and Universal Applicators, Inc.,
*Petitioners,*

*v.*

Janice BALCOM,
Personal Representative of the
Estate of Gerald Balcom, Deceased,
*Respondent,*

*and*

VF CORPORATION
and Jantzen, Inc.,
*Intervenors.*

(WCB 95-09867; CA A97957)

986 P2d 104

Julene M. Quinn argued the cause for petitioners. On the brief was Michael O. Whitty.

Robert E. Nelson and Jerald Keene argued the cause for respondent. On the brief was Robert E. Nelson.

Before Edmonds, Presiding Judge, and Deits, Chief Judge,* and Armstrong, Judge.

ARMSTRONG, J.

---

* Deits, C. J., *vice* Warren, P. J., retired.

## ARMSTRONG, J.

Petitioners seek review of an order of the Workers' Compensation Board that determined that claimant had suffered a compensable injury. Because claimant died before the final disposition of his hearing request, we remand the case to the Board with instructions to vacate its order and to dismiss claimant's request.

The administrative law judge (ALJ) found the following facts, which were adopted by the Board:

"Claimant was an employee who worked long hours for the employer. He would get to work early in the morning. There were also occasions where he would work late in the evenings. He was paid a monthly salary with no overtime.

"On August 10, 1995, claimant drove his own vehicle to the employer's Portland shop. He then rode to the Salem job site with another employee.

"On August 9, 1995, claimant and his employer purchased a truck from Curly's Dairy. When they purchased the truck, they planned to sell it and share the profits. At the end of the work day on August 10, 1995, claimant had one of his employers take him to Curly's Dairy where he picked up the newly purchased truck and drove it back to Portland. He planned to drive the truck back to Portland from the Salem job site, make a few bids for jobs, leave the truck at the shop, pick up his pick-up truck and then drive home. Claimant was involved in a serious motor vehicle accident on Interstate 5 prior to getting to either a bid location or the shop.

"If claimant had not driven the Curly's Dairy truck back from the job site, he would have either ridden with his employer or driven a load of sand back to the shop.

"Claimant had planned to stop by three locations and make three bids for the employer before going home. While the bid did not always result in work for the employer, bidding was part of claimant's work and he performed the bidding in the evening at the end of the work day.

"Claimant could have taken either I-5 or I-205 back from the job site. It depended on traffic which route was fastest.

"Claimant was involved in a motor vehicle accident which occurred before he had gotten back to the shop."

Claimant filed a claim for workers' compensation benefits for the injuries that he had sustained in the accident. Petitioners denied the claim on the ground that the injuries had not occurred within the course and scope of claimant's employment. Claimant requested a hearing on the denial. After the requested hearing, the ALJ concluded that the accident had occurred while claimant was acting within the course and scope of his employment and, accordingly, that the injuries were compensable.

Petitioners requested review by the Board. The Board adopted and affirmed the ALJ's order, noting that the facts of the case were analogous to those presented in *Savin Corp. v. McBride*, 134 Or App 321, 894 P2d 1261 (1995). Petitioners requested review by this court, but claimant died after the parties had briefed the case.

After claimant's death, petitioners moved for an order of default and reversal on the ground that claimant had not been survived by anyone "who would have been entitled to receive death benefits if the injury causing the disability had been fatal." ORS 656.218(5). In their view, the fact that claimant had not been survived by such person meant that there was no one who could pursue claimant's claim for benefits to a final resolution. In response, VF Corporation/ Jantzen, Inc., moved to intervene or, alternatively, to appear *amicus curiae* on petitioners' motion to dismiss. We denied petitioners' motion and allowed the intervention. Claimant's ex-wife, as personal representative of his estate, also moved to be substituted as respondent, which we allowed.

Before reaching the merits, we first must consider the effect of claimant's death on the case. Claimant's ex-wife argues that she was properly substituted as a party and, therefore, can pursue the claim. Petitioners contend that ORS 656.218, which governs the effect of a claimant's death on the disposition of the claimant's hearing request, controls our authority to decide the case. We agree with petitioners.

ORS 656.218(3) provides:

"If the worker has filed a request for a hearing pursuant to ORS 656.283 and death occurs prior to the final disposition of the request, the persons described in subsection (5) of this section shall be entitled to pursue the matter to final determination of all issues presented by the request for hearing."

ORS 656.218(5) provides, in turn:

"The payments provided in this section shall be made to the persons who would have been entitled to receive death benefits if the injury causing the disability had been fatal. In the absence of persons so entitled, a burial allowance may be paid not to exceed the lesser of either the unpaid award or the amount payable by ORS 656.204."

The persons entitled to receive death benefits as a result of a worker's death are the worker's surviving spouse, children and dependents. ORS 656.204. Claimant's ex-wife is not one of the people who is entitled to receive death benefits as a result of claimant's death, and there is no one else who is entitled to receive those benefits.

■ The fact that claimant's ex-wife is the personal representative of claimant's estate does not affect our conclusion. A personal representative is not included in the class of people who are entitled to pursue a claim in the event that a claimant dies before the final disposition of the claimant's hearing request.[1] *Trice v. Tektronix*, 104 Or App 461, 801 P2d 896 (1990).

■ Because we have decided that claimant's ex-wife is not one of the people who can pursue a claim under ORS 656.218(3), we turn to whether the statute applies to this case. ORS 656.218(3) refers to a final disposition of a hearing request. We conclude that a final disposition of such a request occurs when a final order has been entered on it that is not subject to further review by the Board or the courts. We base our conclusion on our reading of the statute in context

---

[1] No question has been raised by the parties about whether the defense of an ALJ or Board award on a claimant's hearing request constitutes "pursuit" of the matter. For purposes of this opinion, we assume that pursuit of a matter includes such a defense.

with related provisions. Whether or not a decision by the Board, and, consequently, any disposition, is final is controlled by ORS 656.295(8), which provides:

> "An order of the Board is final *unless within 30 days after the date of mailing of copies of such order to the parties, one of the parties appeals to the Court of Appeals for judicial review* pursuant to ORS 656.298. The order shall contain a statement explaining the rights of the parties under this subsection and ORS 656.298."

(Emphasis added.) Thus, under that statute, a Board order is not final if one of the parties has timely sought judicial review of it. Without a final order, there can be no final disposition.

■        That conclusion is consistent with our decision in *Volk v. America West Airlines*, 135 Or App 565, 899 P2d 746 (1995), *rev den* 322 Or 645 (1996), which involved the retroactivity provision of Senate Bill 369. Section 66(5)(a) of Senate Bill 369 provided:

> "The amendments to statutes by this Act and new sections added to ORS chapter 656 by this Act do not apply to any matter for which *an order or decision has become final* on or before the effective date of this Act."

(Emphasis added.) We concluded that whether an "order or decision has become final" for purposes of section 66(5)(a) was controlled by ORS 656.295(8). Although the provision at issue in *Volk* referred to final orders, while the statute at issue here refers to final disposition, we see no meaningful distinction between them with regard to finality. Accordingly, we conclude that there has not been a final disposition of claimant's hearing request, so the request cannot go forward to final disposition without someone who is entitled under ORS 656.218 to pursue it.[2]

---

[2] Moreover, a contrary conclusion would lead to anomalous results. Assume, for example, that final disposition of a hearing request under ORS 656.218(3) meant entry of a Board order on the request, which would allow claimant's ex-wife to pursue the claim on review to us. If we affirmed the Board's order, the amounts due claimant on the claim presumably would be paid to claimant's ex-wife as the personal representative of his estate. However, if we reversed the Board's decision on the merits and remanded it to the Board for reconsideration, there would be no one who could continue to pursue the matter on claimant's behalf on remand, because there would no longer be an existing Board order to constitute a final

. Because of our decision on the authority of claimant's ex-wife to pursue claimant's claim, we do not reach the merits of the parties' dispute. We remand with instructions to the Board to vacate its order and to dismiss claimant's hearing request.

Remanded with instructions to vacate order and to dismiss claimant's hearing request.

---

disposition of claimant's hearing request under ORS 656.218(3). It would make little sense to make the recovery of benefits turn on the fortuity of whether we affirmed or reversed a Board order after a claimant has died.