Argued and submitted May 4, 2006, affirmed February 7, 2007

In the Matter of the Compensation of
Willard E. Sworden, deceased, Claimant.

Linda CATO,
beneficiary of Willard E. Sworden,
*Petitioner,*

*v.*

ALCOA-REYNOLDS METALS CO.,
*Respondent.*

In the Matter of the Compensation of
Willard E. Sworden, deceased, Claimant.

Scott SWORDEN,
Personal Representative of the
Estate of Willard E. Sworden, deceased,
*Petitioner,*

*v.*

ALCOA-REYNOLDS METALS CO.,
*Respondent.*

01-04796; A125705

152 P3d 981

Christopher D. Moore argued the cause for petitioner Linda Cato. On the briefs was Evohl F. Malagon.

Peter O. Hansen argued the cause for petitioner Scott Sworden. On the opening brief were the Law Offices of Peter O. Hansen and Christine C. Frost. With him on the reply brief was the Law Offices of Peter O. Hansen.

B. R. Scheminske argued the cause for respondent. On the opening brief were Scheminske & Lyons, LLP and Richard D. Barber, Jr.

Before Edmonds, Presiding Judge, and Wollheim, Judge,* and Linder, Judge pro tempore.

LINDER, J. pro tempore.

* Wollheim, J., *vice* Rasmussen, J. pro tempore.

**LINDER, J. pro tempore**

Petitioners seek judicial review of a Workers' Compensation Board decision involving the accepted claim of a deceased worker, Willard Sworden. Petitioner Linda Cato, who cohabited with but was not married to Sworden, asserts that she is entitled to statutory survivor benefits. Petitioner Scott Sworden, in his capacity as the personal representative of Willard Sworden's estate, seeks to challenge employer's acceptance of the claim. The board affirmed the dismissal of Cato's hearing request, concluding that she is not a statutory beneficiary because she does not have an underage or dependent "child" as a result of her relationship with Sworden. The board affirmed the dismissal of the personal representative's hearing request, concluding that the estate of a deceased worker does not have statutory standing to pursue the worker's claim. As we explain below, we agree with the board's resolution of both issues, and we affirm.

Sworden worked at the Alcoa-Reynolds Metals plant from 1974 to 2000. In November 2000, he was diagnosed with bladder cancer. At the time, Sworden and Cato were not married, but they were in a personal relationship and were cohabiting in Oregon as husband and wife. The record does not reveal the total length of time that they cohabited as husband and wife. But it does establish that they had done so for a least one year before the onset of Sworden's bladder cancer. The record also establishes that Sworden and Cato had a son as a result of their relationship. At the time of Sworden's cancer diagnosis, that son (Scott Sworden, also the personal representative of the estate) was 24 years old, employed, self-supporting, and not living at home.

After Sworden was diagnosed with bladder cancer, he filed a claim for workers' compensation benefits, alleging that his exposure to coal tar pitch at the Alcoa plant was the major contributing cause of his cancer. Employer denied Sworden's claim on the ground that work was not the major contributing cause of Sworden's bladder cancer. Sworden requested a hearing to challenge the denial. While the parties were engaged in discovery, Sworden died of bladder cancer. Six months after his death, employer accepted Sworden's claim. As a result of that acceptance, employer's insurer paid

Sworden's medical costs directly to his medical provider and provided reimbursement to Cato for Sworden's funeral expenses.

In response to employer's acceptance of Sworden's claim, the personal representative filed an "amended" request for hearing in which it sought to set aside the acceptance on the ground that it was fraudulent.[1] Cato joined in the proceeding, not to challenge the acceptance of Sworden's claim, but to assert her entitlement to survivor's benefits. Employer moved to dismiss the personal representative's request for a hearing, arguing that the personal representative of the estate of a deceased worker does not have standing to pursue the deceased worker's claim. The administrative law judge (ALJ) agreed and granted the motion. The ALJ also dismissed Cato's request for a hearing after concluding that she was not a statutory beneficiary because she "does not have a living child under the age of 18 as a result of her relation with [Sworden]." The personal representative and Cato appealed the ALJ's order to the board. The personal representative, in addition to renewing the estate's standing argument, also argued that to deny the estate standing would deprive the estate of a constitutionally guaranteed remedy, contrary to Article I, section 10, of the Oregon Constitution. The board affirmed the ALJ's order, concluding that Cato was not eligible for survivor benefits and that the personal representative did not have standing, on the estate's behalf, to litigate Sworden's claim.

In seeking judicial review of the board's order, Cato and the personal representative renew the arguments that they made to the board.[2] We begin by analyzing Cato's entitlement to survivor benefits. We then turn to the issue of the

---

[1] The personal representative's theory of fraud is that employer manipulated the denial and later acceptance of the claim to minimize its liability. More specifically, the personal representative asserts that employer denied the claim while Sworden was living to avoid paying benefits to him. Then, after Sworden died and had no beneficiaries to whom survivor benefits are owed, the employer accepted the claim. According to the personal representative, employer did so to take advantage of immunity from civil liability. *See generally Smothers v. Gresham Transfer, Inc.*, 332 Or 83, 23 P3d 333 (2001) (holding that a denial of a claim potentially requires that a claimant be able to pursue a negligence action against employer, notwithstanding the exclusivity provision in the workers' compensation statutes).

[2] Before the board, the personal representative also relied on Article I, section 20, of the Oregon Constitution in asserting that he was constitutionally entitled to

estate's standing. Because the issues presented are legal in nature, we review the board's resolution of them for errors of law. ORS 183.482(7).

■ Under the workers' compensation statutes, when death results from a work-related injury, an employer is obligated to pay the costs of burial and a wage-based benefit to certain statutorily designated beneficiaries. *See generally* ORS 656.204. The specified beneficiaries primarily include the worker's surviving spouse, children and dependents under the age of 18, and children and dependents age 18 who are attending high school, as well as children and other dependents under age 23 who are attending college. ORS 656.204(2), (4), (5), (7), (8). Pursuant to a separate statutory provision, however, the legislature has also provided for a survivor benefit to be paid to an unmarried partner with whom the deceased worker cohabited and had a child. In particular, ORS 656.226 provides:

> "In case an unmarried man and an unmarried woman have cohabited in this state as husband and wife for over one year prior to the date of an accidental injury received by one or the other as a subject worker, and children are living as a result of that relation, the surviving cohabitant and the children are entitled to compensation under this chapter the same as if the man and woman had been legally married."

Thus, to qualify as a statutory beneficiary under that provision, the cohabitants must have been an unmarried woman and an unmarried man; they must have cohabited as husband and wife in this state; they must have done so for more than one year; and they must have one or more living children as a result of the cohabitation.

Only the last of those requirements—*i.e.*, that there be a living child as a result of the relationship—is in dispute in this case. The parties agree, and the board found, that Cato and Sworden were unmarried persons who cohabited in Oregon as husband and wife for more than a year before the onset of Sworden's cancer. The parties also agree, and the board also found, that Cato and Sworden had a son (Scott) as

pursue the estate's challenge to employer's acceptance. Because the personal representative abandons that argument on appeal, we do not consider it.

a result of their relationship. The issue is whether that son qualifies as a "child," within the meaning of the statute. The board agreed with employer that the term "child," as used in ORS 656.226, means a son or daughter who is age 18 or younger. Cato argues, however, that the term is not limited to underage or dependent offspring and includes, instead, an adult son or daughter who is self-supporting.

In interpreting a statute, our starting point is the statute's plain text and context. *PGE v. Bureau of Labor and Industries,* 317 Or 606, 859 P2d 1143 (1993). Although we often rely on the ordinary meaning of words of common usage, *see PGE* at 611, here, we have a different starting point—the legislature's own definition of the term and our case law interpreting that definition.

ORS 656.005(5) provides:

" 'Child' includes a posthumous child, a child legally adopted prior to the injury, a child toward whom the worker stands in loco parentis, an illegitimate child and a stepchild, if such stepchild was, at the time of the injury, a member of the worker's family and substantially dependent upon the worker for support. An invalid dependent child is a child, for purposes of benefits, *regardless of age,* so long as the child was an invalid at the time of the accident and thereafter remains an invalid substantially dependent on the worker for support. For purposes of this chapter, *an invalid dependent child is considered to be a child under 18 years of age.*"

(Emphasis added.) The second portion of the definition, in which the legislature declared expressly that a child includes a disabled (*i.e.*, "invalid") dependent child "regardless of age," is telling. It reveals the legislature's implicit understanding that the term "child" means a child under the age of 18, unless the term is expressly qualified to include some other age or circumstance. Thus, to ensure that a dependent *adult* disabled child is considered a child for purposes of the workers' compensation statutes, the legislature expressly provided that a dependent disabled child is "considered to be a child under 18 years of age" and is a child "regardless of age."

We took that same view of the statutory definition of child in *SAIF v. Calkins*, 80 Or App 369, 722 P2d 43, *rev den,*

302 Or 158 (1986). There, the issue was whether a worker who was permanently and totally disabled was entitled to additional benefits for two of his children who were over age 18 and attending college. The resolution of that issue turned on the definition of "child" in ORS 656.005(5).[3] We concluded that, although the statute does not specifically define a child to be a person under age 18, that is its "clear and unambiguous meaning." *Calkins*, 80 Or App at 372. In reaching that conclusion, we relied on the portion of the definition concerning dependent disabled children:

> "[The definition] provide[s] that an invalid dependent child of any age is to be considered to be a child under age 18. It clearly implie[s] that benefits would ordinarily cease when a child other than an invalid dependent child reache[s] age 18. If that was not the case, there would be no need for the language equating an invalid dependent child of any age with a child under age 18."

*Id.* By way of footnote, we observed that our conclusion is consistent with other provisions of the workers' compensation scheme that expressly extend benefits in some circumstances to children over the age of 18. *Id.* at 372 n 1 (citing ORS 656.204).[4]

Our holding in *Calkins* is on point, and we decline to overrule it.[5] Our analysis remains persuasive. In the 20 years since *Calkins* was decided, our interpretation of the statutory

---

[3] When *Calkins* was decided, the definition was codified in ORS 656.005(6) (1986). Although it is now contained in subsection (5) of the statute, the definition is unchanged.

[4] *See also Hewitt v. SAIF*, 294 Or 33, 49, 653 P2d 970 (1982). Although *Hewitt* did not involve the definition of child set forth in ORS 656.005(5), its observations of the policy reflected in ORS 656.226 are consistent with our holding in *Calkins*. The Supreme Court noted in *Hewitt* that the legislature's concern for the welfare of a worker's children dominated its debates when it contemplated a change to ORS 656.226 in 1973. From those debates, the court considered it apparent "[t]hat the statute was designed to benefit the family unit" and that, "[w]ithout a child of the relationship living with the family a cohabitor is ineligible." *Id.*

[5] *Calkins* predated the Supreme Court's more formalized methodology for statutory interpretation, as announced in *PGE*. But the approach in *Calkins* was consistent with that methodology. *Compare Calkins*, 80 Or App at 372 (because statute's terms were "clear and unambiguous," court would not examine statute's legislative history) *with PGE*, 317 Or App at 611 (declaring that court is to consider legislative history "if, but only if, the intent of the legislature is not clear from the text and context inquiry").

definition of "child" has not been called into question. Nor has the legislature changed that definition in light of our interpretation. We therefore adhere to our holding in *Calkins* in this case. We agree with the board that Cato was not entitled to statutory benefits under ORS 656.226 because the son that she and Sworden had together was not, at the relevant time, under age 18 or otherwise dependent on Cato for his support. The board did not err in dismissing Cato's request for a hearing.

■ We turn, then, to the issue presented on review by the personal representative of Sworden's estate—that is, whether, on behalf of the estate of a deceased worker, a personal representative has standing to request a hearing on a matter concerning the worker's claim.

That issue, too, presents us with a question of statutory interpretation. The ability of a person or entity to pursue a workers' compensation claim is governed generally by ORS 656.283(1), which provides, in part:

"Subject to ORS 656.319, any party * * * may at any time request a hearing on any matter concerning a claim, except matters for which a procedure for resolving the dispute is provided in another statute * * *."

The personal representative argues that the estate qualifies as a "party" and that its request for a hearing is a "matter concerning a claim." Consequently, according to the personal representative, the estate has standing under ORS 656.283(1) to request a hearing on employer's acceptance of Sworden's claim.

The personal representative's argument overlooks the second half of the statute. Even assuming that the estate could qualify as a party, *but see* 210 Or App at 730 n 9, the estate has statutory standing to request a hearing on a deceased's claim only if no other statute provides a "procedure for resolving the dispute." ORS 656.283(1). ORS 656.218, which governs the payment of workers' compensation benefits when a worker dies from a work-related injury, is such a statute. As we have held, subsections (3) and (5) of that statute identify "who can pursue a deceased claimant's

hearing request" and limit that right "to those who are entitled to death benefits," such as a surviving spouse, children under age 18, or other dependent persons.[6] *Trice v. Tektronix, Inc.*, 104 Or App 461, 465, 801 P2d 896 (1990); *see also Edwards v. Cherry City Electric, Inc.*, 141 Or App 578, 583, 919 P2d 501 (1996) (a claimant's personal representative is not a person who is entitled to pursue a hearing under ORS 656.218 on the claimant's award). Thus, the board correctly concluded that the personal representative, on behalf of the estate, lacks statutory standing to request a hearing to challenge employer's acceptance of Sworden's claim.[7]

■     Alternatively, the personal representative argues that to deny the estate standing violates the so-called "remedy clause" of Article I, section 10, of the Oregon Constitution.[8] In support of that argument, the personal representative relies on *Smothers v. Gresham Transfer, Inc.*, 332 Or 83, 23 P3d 333 (2001). In *Smothers*, the worker's claim was

---

[6] ORS 656.218(3) provides:

"If the worker has filed a request for a hearing pursuant to ORS 656.283 and death occurs prior to the final disposition of the request, the persons described in subsection (5) of this section shall be entitled to pursue the matter to final determination of all issues presented by the request for hearing."

ORS 656.218(5), in turn, provides:

"The payments provided in this section shall be made to the persons who *would have been entitled to receive death benefits if the injury causing the disability had been fatal.* In the absence of persons so entitled, a burial allowance may be paid not to exceed the lesser of either the unpaid award or the amount payable by ORS 656.204."

(Emphasis added.)

[7] The personal representative also argues that ORS 656.218(3) does not apply because the estate is pursuing its own request for a hearing to challenge employer's acceptance of Sworden's claim, not Sworden's claim *for benefits.* According to the personal representative, ORS 656.218 identifies who can "pursue benefits" when a worker dies and, here, the estate seeks to challenge the acceptance of the claim, and thus defeat rather than secure a benefit award. That argument does not aid the estate. Among other possible problems with it, the argument defeats an assertion that the estate qualifies as a "party" for purposes of requesting "a hearing on any matter concerning a claim" pursuant to ORS 656.283(1). *See* ORS 656.005(21) (defining "party" as "a claimant for compensation, the employer of the injured worker at the time of injury, and the insurer, if any, of such employer").

[8] Article I, section 10, of the Oregon Constitution provides:

"No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay, and every man shall have remedy by due course of law for injury done him in his person, property, or reputation."

denied because he failed to prove that work was the major contributing cause of the condition for which he sought compensation. The worker then brought a negligence action against his employer. The Supreme Court held that, as applied to the plaintiff, the exclusive remedy provision of the workers' compensation law, ORS 656.018 (1999), was unconstitutional under Article I, section 10. The court reasoned that a worker has an absolute common-law right to a remedy for an injury to which his work contributes. Consequently, the worker, "[h]aving alleged an injury of the kind that the remedy clause protects, and having demonstrated that there was no remedial process available under present workers' compensation laws, * * * should have been allowed to proceed with his negligence action." *Smothers*, 332 Or at 136. Drawing from the holding in *Smothers*, the personal representative in this case argues that, if the estate cannot challenge employer's claim acceptance as fraudulent, it will be deprived of "[t]he right to redress fraud," which is "an absolute common law right."

It may be, as employer responds, that the complete answer to the personal representative's argument is that, unlike in *Smothers*, the claim for compensation in this case was accepted, not denied. Thus, this is not a circumstance in which the workers' compensation provisions provide no remedy for the work-related injury. *Id.* at 135 (if a claim for compensation is accepted and benefits are provided accordingly, a worker cannot complain that he or she has been deprived of a remedial process for seeking redress for injury to a right that the remedy clause protects).

For purposes of this case, however, the more fundamental answer is that the issue is not ours to resolve in this proceeding. The issue here is whether the estate has statutory standing to challenge the employer's acceptance of the workers' compensation claim. As we have held, it does not. The estate's asserted constitutional right to a common-law remedy provides no basis for us to judicially confer standing on the estate, contrary to the legislature's policy choice. *Cf. Haret v. SAIF*, 72 Or App 668, 673-74, 697 P2d 201, *rev den*, 299 Or 313 (1985) (workers' compensation system is strictly a creature of statute and provides a *sui generis* scheme of rights and obligations). Rather, the estate's remedy, if any, is

to pursue its common-law right through a fraud action.[9] As in *Smothers*, the issue then would be whether the exclusivity provision of the workers' compensation scheme must give way. In other words, the estate's assertion of "an absolute common-law right" to a remedy for fraud is an issue to be resolved in a common-law action based on that asserted right, not in this workers' compensation proceeding.

We therefore agree with the board that the personal representative for Sworden's estate lacked statutory standing to challenge employer's acceptance of Sworden's claim. The board therefore did not err in dismissing the personal representative's request for hearing.

Affirmed.

---

[9] The personal representative advises us that the estate in fact filed such an action against employer. Specifically, it brought a civil action in federal court against employer alleging, *inter alia*, fraud, deceit, and breach of fiduciary duty. The federal district court granted summary judgment for employer and dismissed the action, after concluding that the estate's exclusive remedy was pursuant to the workers' compensation provisions. The federal court rejected the estate's Article I, section 10, argument after concluding that the estate's claims were not ones that it had an absolute common-law right to pursue. *See* Opinion and Order, *Estate of Willard Sworden v. Reynolds Metals Company* (CV-04-1048-HU). If the federal court is correct, that answers the estate's Article I, section 10, argument. If it is not correct, the appropriate course is for the estate to pursue an appeal of the federal court decision.