Argued and submitted January 14, on personal representative's motion to substitute as the real party in interest filed September 20, and respondents' response filed October 4, on respondents' motion to dismiss filed April 12, and personal representative's response filed October 4, 2013, personal representative's motion to be substituted as claimant denied; respondents' motion to dismiss granted; petition for judicial review dismissed May 7, petition for review allowed September 11, 2014 (356 Or 163)

In the Matter of the Compensation of
Gary D. Sather, Claimant.

Gary D. SATHER,
*Petitioner,*

*v.*

SAIF CORPORATION
and Polk County Farmers-AG West Supply,
*Respondents.*

Workers' Compensation Board
1001494; A149547

325 P3d 819

Donald M. Hooten argued the cause and filed the briefs for petitioner.

Holly C. O'Dell argued the cause and filed the brief for respondents.

Before Armstrong, Presiding Judge, and Hadlock, Judge, and Egan, Judge.

ARMSTRONG, P. J.

Egan, J., dissenting.

## ARMSTRONG, P. J.

In this workers' compensation case, claimant, now deceased, sought benefits for a work-related injury. SAIF, the employer's workers' compensation insurance carrier, accepted a claim for a lumbar strain. Claimant subsequently sought acceptance of a combined condition, which SAIF accepted but then denied on the ground that the accepted injury was no longer the major contributing cause of the combined condition. The Workers' Compensation Board upheld SAIF's denial, and claimant sought judicial review.[1]

SAIF has notified us that, while the petition for judicial review was under advisement, claimant died of causes unrelated to his claim, without a surviving spouse or other statutory beneficiaries. *See* ORS 656.204. SAIF asserts that the petition should therefore be dismissed, because there is no one entitled to pursue it. Claimant's personal representative, on behalf of claimant's estate, opposes the motion to dismiss and seeks to be substituted as claimant and to pursue the petition. SAIF opposes the personal representative's request to be substituted, contending that an estate is not a "person" entitled to pursue a claim under ORS 656.218(3). We agree with SAIF and dismiss the petition.

Several provisions of the Workers' Compensation Law pertain to the payment of benefits after the death of a worker. When the worker's death results from an accidental injury, ORS 656.204 describes the types of benefits payable, and to whom:

"If death results from the accidental injury, payments shall be made as follows:

"(1)(a)  The cost of final disposition of the body and funeral expenses, * * * shall be paid, not to exceed 20 times the average weekly wage in any case.

---

[1] Although claimant conceded that the accepted lumbar strain was no longer the cause of his combined condition, he contended that, in assessing the compensability of his combined condition claim, the board made the wrong inquiry—whether the *accepted condition* continues to be the major contributing cause of his disability or need for treatment. In claimant's view, the proper inquiry was whether the *accidental injury* continues to be the major contributing cause of his combined condition. *See Brown v. SAIF*, 262 Or App 640, 325 P3d 834 (2014) (so holding). Claimant contended that there was no evidence that the "accidental injury" is no longer the major contributing cause of his disability or need for treatment.

"(b)  The insurer or self-insured employer shall pay bills submitted for disposition and funeral expenses up to the benefit limit established in paragraph (a) of this subsection. If any part of the benefit remains unpaid 60 days after claim acceptance, the insurer or self-insured employer shall pay the unpaid amount to the estate of the worker.

"(2)(a)  If the worker is survived by a spouse, monthly benefits shall be paid in an amount equal to 4.35 times 66-2/3 percent of the average weekly wage to the surviving spouse until remarriage. * * *

"(b)  If the worker is survived by a spouse, monthly benefits also shall be paid in an amount equal to 4.35 times 10 percent of the average weekly wage for each child of the deceased who is substantially dependent on the spouse for support, until such child becomes 18 years of age.

"(c)  If the worker is survived by a spouse, monthly benefits also shall be paid in an amount equal to 4.35 times 25 percent of the average weekly wage for each child of the deceased who is not substantially dependent on the spouse for support, until such child becomes 18 years of age.

"(d)  If a surviving spouse receiving monthly payments dies, leaving a child who is entitled to compensation on account of the death of the worker, a monthly benefit equal to 4.35 times 25 percent of the average weekly wage shall be paid to each such child until the child becomes 18 years of age or the child's entitlement to benefits under subsection (8) of this section ceases, whichever is later.

"* * * * *

"(5)(a)  If the worker leaves a dependent other than a surviving spouse or a child, a monthly payment shall be made to each dependent equal to 50 percent of the average monthly support actually received by such dependent from the worker during the 12 months next preceding the occurrence of the accidental injury. If a dependent is under the age of 18 years at the time of the accidental injury, the payment to the dependent shall cease when such dependent becomes 18 years of age. The payment to any dependent shall cease under the same circumstances that would have terminated the dependency had the injury not happened."

Thus, under ORS 656.204(2) to (9), when a worker dies as a result of an accidental injury, the worker's statutory beneficiaries—the surviving spouse, minor children, and

other qualifying dependents—are entitled to monthly benefits as calculated under the statute. The insurer is also required to pay bills for "[t]he cost of final disposition of the body and funeral expenses," ORS 656.204(1)(a), until 60 days after claim acceptance, when any remaining funeral benefits become payable to the estate. ORS 656.204(1)(b).

If an injured worker dies during a period of permanent total disability, ORS 656.208 provides that, whatever the cause of death, the insurer shall continue to pay benefits in the same manner and amounts to the worker's spouse and dependents as provided in ORS 656.204.

Finally, ORS 656.218 relates to the pursuit of claims and the receipt of benefits for permanent partial disability after the death of a worker as a result of causes unrelated to the accidental injury:

"(1)   In case of the death of a worker entitled to compensation, whether eligibility therefor or the amount thereof have been determined, payments shall be made for the period during which the worker, if surviving, would have been entitled thereto.

"(2)   If the worker's death occurs prior to issuance of a notice of closure under ORS 656.268, the insurer or the self-insured employer shall determine compensation for permanent partial disability, if any.

"(3)   If the worker has filed a request for a hearing pursuant to ORS 656.283 and death occurs prior to the final disposition of the request, the persons described in subsection (5) of this section shall be entitled to pursue the matter to final determination of all issues presented by the request for hearing.

"(4)   If the worker dies before filing a request for hearing, the persons described in subsection (5) of this section shall be entitled to file a request for hearing and to pursue the matter to final determination as to all issues presented by the request for hearing.

"(5)   The payments provided in this section shall be made to the persons who would have been entitled to receive death benefits if the injury causing the disability had been fatal. In the absence of persons so entitled, the unpaid balance of the award shall be paid to the worker's estate."

When a worker who has filed a claim for benefits is entitled to compensation and dies of causes unrelated to the claim, "whether eligibility therefor or the amount thereof have been determined," the insurer must make payments "for the period during which the worker, if surviving, would have been entitled thereto." ORS 656.218(1).

When the deceased worker's eligibility for benefits has been determined, ORS 656.218(5) describes to whom those benefits are to be paid. Payments must be made "to the persons who would have been entitled to receive death benefits if the injury causing the disability had been fatal." In the absence of "persons so entitled," the unpaid balance of the award "shall be paid to the worker's estate." ORS 656.218(5).

When the deceased worker's eligibility for benefits or the amount of benefits has not yet been determined, the statute describes procedures for three scenarios: (1) Under ORS 656.218(2), when the worker dies before the insurer has issued a notice of closure, the insurer "shall determine compensation for permanent partial disability, if any." (2) Under ORS 656.218(3), when the worker has requested a hearing and death occurs before final disposition of the request, "the persons described in subsection (5)" are entitled to pursue the matter to final determination. (3) Under ORS 656.218(4), when the worker dies before requesting a hearing, "the persons described in subsection (5)" are entitled to file a request for hearing and to pursue the matter to final determination. Thus, under both ORS 656.218(3) and (4), the persons entitled to pursue the claim are "the persons described in subsection (5)."

As noted, subsection (5), in turn, describes who is entitled to receive the payments required to be made under ORS 656.218. The first sentence of ORS 656.218(5)—"the persons who would have been entitled to receive death benefits if the injury causing the disability had been fatal"—is an unambiguous reference to the persons described in ORS 656.204, the worker's surviving spouse, minor children, and other dependents.

It is undisputed that, before his death, claimant's entitlement to benefits for his combined condition had not

yet been finally determined, because the issue was pending before this court. Claimant had filed a request for hearing to challenge SAIF's denial of his combined condition claim. He appealed to the board the administrative law judge's (ALJ's) order upholding the denial and also sought judicial review in this court. However, his death occurred before a "final determination of all issues presented by the request for hearing." *See* ORS 656.218(3); *SAIF v. Balcom*, 162 Or App 325, 329, 986 P2d 104 (1999), *rev den*, 329 Or 650 (2000) (a final disposition of such a request occurs when a final order has been entered on it that is not subject to further review by the board or the courts). Because claimant is not survived by any "persons who would have been entitled to receive death benefits if the injury causing the disability had been fatal," ORS 656.218(5), the question is whether claimant's estate is a "person described in subsection (5) * * * entitled to pursue the matter to final determination," pursuant to ORS 656.218(3).

We have considered this question under the former version of the statute,[2] and have held in several cases that the persons entitled to pursue a claim after the worker's death under ORS 656.218(3) are the same persons entitled to receive death benefits under ORS 656.204, and do not include the worker's estate or personal representative. *See Cato v. Alcoa-Reynolds Metals Co.*, 210 Or App 721, 730, 152 P3d 981 (2007), *rev den*, 343 Or 115 (2007) (ORS 656.218(3)

---

[2] Before 2009, ORS 656.218 provided, in relevant part:

"(1) In case of the death of a worker entitled to compensation, whether eligibility therefor or the amount thereof have been determined, payments shall be made for the period during which the worker, if surviving, would have been entitled thereto.

"* * * * *

"(3) If the worker has filed a request for a hearing pursuant to ORS 656.283 and death occurs prior to the final disposition of the request, the persons described in subsection (5) of this section shall be entitled to pursue the matter to final determination of all issues presented by the request for hearing.

"* * * * *

"(5) The payments provided in this section shall be made to the persons who would have been entitled to receive death benefits if the injury causing the disability had been fatal. In the absence of persons so entitled, a burial allowance may be paid not to exceed the lesser of either the unpaid award or the amount payable by ORS 656.204."

and (5) limit the right to pursue a hearing after the death of a worker to those who are entitled to death benefits under ORS 656.204); *Balcom*, 162 Or App at 329 (same); *Edwards v. Cherry City Electric, Inc.*, 141 Or App 578, 583, 919 P2d 501 (1996) (same); *Trice v. Tektronix, Inc.*, 104 Or App 461, 465, 801 P2d 896 (1990) (same). In 2009, the legislative assembly amended ORS 656.218(5), Or Laws 2009, ch 171, § 2. This case presents the first opportunity to consider the issue under the current version of the statute, and we reach the same conclusion.

Most of the statute remains unchanged. Like its predecessor, the current version of ORS 656.218(1) provides that, when a worker who is entitled to compensation dies, "payments shall be made for the period during which the worker, if surviving, would have been entitled" to compensation. Like its predecessor, the current version of ORS 656.218(3) describes the persons entitled to pursue a claim after the worker's death by referring to "the persons described in subsection (5)." Subsection (5), in turn, continues to provide that the payments provided for in the statute "shall be made to the persons who would have been entitled to receive death benefits if the injury causing the disability had been fatal." Those provisions were key to our conclusion in our earlier opinions that only the beneficiaries described in ORS 656.204 are entitled to pursue a claim. *See, e.g., Balcom*, 162 Or App at 329; *Edwards*, 141 Or App at 582.

In fact, the only amendment of ORS 656.218 in 2009 was to subsection (5), by the replacement of the subsection's former second sentence ("In the absence of persons so entitled, a burial allowance may be paid not to exceed the lesser of either the unpaid award or the amount payable by ORS 656.204.") with a new second sentence—"In the absence of persons so entitled, the unpaid balance of the award shall be paid to the worker's estate." ORS 656.218(5). The estate and the dissent assert that the estate's authority to pursue a hearing request is, in fact, derived from that second sentence. The dissent reasons that the new text brings the estate within the scope of the "persons described in subsection (5)." The dissent contends that, when read together with subsection (1), that new sentence demonstrates a legislative

intention that, in the absence of statutory beneficiaries, the estate may pursue a deceased worker's undetermined claim. For several reasons, we disagree with that interpretation.

ORS 656.218(3) continues to describe the persons who may pursue a claim as "the persons described in subsection (5)." The first sentence of ORS 656.218(5) continues to state that the payments required by the statute are to be made to "the persons who would have been entitled to receive death benefits[.]" The most straightforward reading of the text is that those are the "persons" to whom ORS 656.218(3) refers, and they do not include the worker's estate or personal representative. The new second sentence's requirement that, in the event that there are no "persons so entitled," "the unpaid balance of the award" is to be paid to the estate does not alter our conclusion. That sentence reveals two factors central to its application: (1) an estate is not among the "persons so entitled," and (2) there exists a previous award with an "unpaid balance," that is, the worker's entitlement to benefits has been previously determined. In other words, the second sentence is applicable when the deceased worker's eligibility for benefits or the amount of benefits has been determined—when there has been an award. In the absence of persons entitled to receive death benefits, the estate receives the remaining unpaid balance of an award previously determined. But, contrary to the dissent's reasoning, that sentence does not provide independent authority for the estate to pursue a claim that has not yet been determined.

The dissent's reading of ORS 656.218(1) as bolstering its interpretation is misplaced. The dissent focuses on the subsection's statement that, "whether eligibility therefor or the amount thereof have been determined, payments *shall be made* for the period during which the worker, if surviving, would have been entitled thereto." (Emphasis added.) In the dissent's view, that subsection creates an absolute right to pursue undetermined benefits, either by the statutory beneficiaries or, if there are none, by the estate. With respect, the subsection must be read in its context, which includes subsections (2) through (5) and the limitations that we have described on who may pursue a claim for benefits.

Other context also supports our conclusion that the amendment of ORS 656.218(5) was not intended to effect a substantive amendment to who is entitled to pursue a request for hearing under ORS 656.218(3). When the legislature amended ORS 656.218(5) by eliminating the provision for a "burial allowance" and authorizing the estate to receive unpaid awards, it made a similar change to ORS 656.204(1)(b), which had previously provided for payment for the cost of "burial." As amended by Oregon Laws 2009, section (1)(b), ORS 656.204(1) no longer provides for payment of the cost of burial, but instead requires the insurer to pay bills for disposition and funeral expenses, not to exceed 20 times the worker's average weekly wage. It provides, further, that "any part of the [funeral] benefit that remains unpaid 60 days after claim acceptance" is to be paid to the estate of the worker. ORS 656.204(1)(b). Those changes, together with the amendment to ORS 656.218(5), reflect a consistent intention that, when an award has been made and there are no surviving statutory beneficiaries of the worker as defined in ORS 656.204, the estate must receive any previously awarded benefits. The legislative history supports our interpretation.[3]

---

[3] The 2009 amendment was a part of Senate Bill (SB) 110 (2009), which was enacted following a Workers' Compensation Management-Labor Advisory Committee (MLAC) study. The purpose of that study, which was submitted to the legislative committees considering SB 110, was to examine the adequacy of death-related benefits that were available to workers' families and dependents under the workers' compensation laws. With regard to the proposed amendment to ORS 656.218, the MLAC study stated:

"ORS 656.218 states that if a worker dies before his or her permanent partial disability award is paid in full and the worker has a spouse or dependent children, the insurer pays the full remainder of the award to them. However, the law also states that if the worker does not have a spouse or dependent children, the insurer only pays the statutory burial amount or the remaining permanent partial disability award, whichever is less. MLAC concluded that the insurer should be obligated to pay the full remaining award, whether or not the worker has a spouse or children."

The MLAC study recommended:

"Clarify ORS 656.218 to state when a worker without statutory dependents dies before his or her permanent partial disability award is paid in full, the insurer must pay the full amount of the remaining award to the worker's estate.

"*SB 110 includes this recommendation.*"

Testimony, Senate Committee on Commerce and Workforce Development, SB 110, Jan 28, 2009, Ex 5 (Senate Bill 835 (2007) Death Benefit Study Report) (emphasis in original). John Shilts, the Administrator of the Oregon Worker's

Having concluded that claimant's estate and personal representative are not entitled to pursue claimant's petition for judicial review, we grant SAIF's motion to dismiss the petition. In light of that ruling, we deny the personal representative's motion to be substituted as claimant on appeal.

Personal representative's motion to be substituted as claimant denied; respondents' motion to dismiss granted; petition for judicial review dismissed.

**EGAN, J.,** dissenting.

The majority concludes that, although claimant's estate is entitled to the unpaid balance of claimant's worker's compensation award "whether eligibility therefor or the amount thereof have been determined," the estate is not entitled to pursue that award. I respectfully dissent. I would conclude that the legislature, when it amended ORS 616.258 in 2009, intended to allow a deceased worker's estate to pursue a claim in the same manner as that worker's statutory dependents.

Prior to that amendment, ORS 656.218 provided, in part:

"(1)   In case of the death of a worker entitled to compensation, whether eligibility therefor or the amount thereof

Compensation Division, testified before the Senate Committee on Commerce and Workforce Development about that amendment:

"The third area of recommendation from [MLAC] was to clarify what to do with payments of permanent partial disability awards. Currently, we treat workers differently. If a worker dies and has beneficiaries, as defined under the worker's compensation statute, they are eligible for permanent disability payments[.] *** [I]f the worker is eligible for that benefit, they happen to die from their injuries, and they have beneficiaries, that benefit is paid to the worker's estate. On the other hand, if the worker does not have those beneficiaries, but is eligible for their permanent disability award, the way the current law works is they are paid the lesser of the burial benefit or the permanent disability award. So they're paid differently depending—the estates, basically—are paid differently depending on whether the worker has statutory beneficiaries. What [MLAC] is recommending is that the worker with no surviving beneficiaries—spouse or dependent children—would receive the full remainder of their permanent disability award and that [it] be paid to the worker's estate."

Testimony, Senate Committee on Commerce and Workforce Development, SB 110, Jan 28, 2009 (statement of Workers' Compensation Division Administrator John Shilts).

have been determined, payments shall be made for the period during which the worker, if surviving, would have been entitled thereto.

"* * * * *

"(3)  If the worker has filed a request for a hearing pursuant to ORS 656.283 and death occurs prior to the final disposition of the request, the persons described in subsection (5) of this section shall be entitled to pursue the matter to final determination of all issues presented by the request for hearing.

"* * * * *

"(5)  The payments provided in this section shall be made to the persons who would have been entitled to receive death benefits if the injury causing the disability had been fatal. In the absence of persons so entitled, a burial allowance may be paid not to exceed the lesser of either the unpaid award or the amount payable by ORS 656.204."

In 2009, the legislature amended subsection (5), which now reads:

"The payments provided in this section shall be made to the persons who would have been entitled to receive death benefits if the injury causing the disability had been fatal. *In the absence of persons so entitled, the unpaid balance of the award shall be paid to the worker's estate.*"

ORS 656.218(5) (emphasis added). When it named the deceased worker's estate as an alternative beneficiary in the absence of statutory dependents, the legislature added a new class of beneficiary that did not exist before, one that is entitled to receive a deceased worker's compensation award in the event that worker dies without statutory dependents.[1] The question is whether the legislature also intended to endow that new beneficiary class with the corresponding right to pursue a pending claim or, rather, to confine the estate to collect payments only on those awards that had already been made while the worker was alive.

---

[1] Specifically, ORS 656.218(5) (2007) refers to "the persons who would have been entitled to receive death benefits if the injury causing the disability had been fatal." ORS 656.204 identifies that class of beneficiaries, a class that, for simplicity's sake, I will refer to as "statutory dependents."

I cannot join in the majority's conclusion that the legislature intended the latter result. The majority's conclusion that ORS 656.218(5) does not allow a personal representative to pursue an award ascribes to the legislature the intent to create a right to receive payments "whether eligibility therefor or the amount thereof have been determined" while simultaneously denying a means of pursuing that right. The effect of that conclusion is not hard to discern: Where a worker dies without statutory beneficiaries during the pendency of that worker's claim, the insurer may now avoid making payments on an award that ORS 656.218(1) and (5) require "shall" be made to the worker's estate. Thus, the majority's conclusion effectively nullifies a significant provision of ORS 656.218(1), which, again, provides that, in the absence of statutory dependents, payments "shall be made" to the estate "whether eligibility therefor or the amount thereof have been determined." *See* ORS 174.010 ("[W]here there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all.").

I also note that the 2009 amendment was adopted in the context of the general rule of ORS 114.305(19), which provides that a personal representative is authorized to "[p]rosecute or defend actions, claims or proceedings * * * for the protection of the estate and of the personal representative in the performance of duties as personal representative." *See* ORS 114.305(20) (the personal representative is entitled to "[p]rosecute claims of the decedent"); *see also Young v. State of Oregon*, 161 Or App 32, 35, 963 P2d 1044, *rev den*, 329 Or 447 (1999) (the context of a statute includes related statutes). In other words, ORS 656.218—insofar as it limits who may pursue a deceased worker's claim to those "persons" identified in subsection (5)—serves as an exception to the general rule that a personal representative may pursue actions on behalf of the deceased. I thus find it especially difficult to ascribe to the legislature the simultaneous intent to require that payments be made to an estate, but—in deviation from the rule allowing an estate to pursue an action on a deceased's behalf—to deny the estate the ability to pursue those payments.

At the heart of the majority's conclusion lies the fact that subsection (3) limits who may pursue an award by a reference to the "persons" described in subsection (5). It reasons that because one class of beneficiaries—statutory dependents—is described by reference to its members' status as persons, and the other—the estate—is not, that the legislature did not intend to describe the estate in subsection (3). 262 Or App 604-05. Although it is true that subsection (5) describes only one class of persons, I believe that the majority's interpretation overlooks the fact that subsection (5) now describes two alternative classes of beneficiaries. Subsection (5) serves two functions. Per subsection (1), it describes who is entitled to receive the "payments provided in this section." Per subsection (3), it "describe[s]" who may pursue a claim to a final determination. The majority's position assigns to the legislature the intent to disrupt what has, heretofore, been the naturally coextensive reach of those two functions.

ORS 656.218 has long provided that a deceased worker's payments continue "to the persons who would have been entitled to receive death benefits if the injury causing disability had been fatal." *E.g.*, ORS 656.218(2) (1953). Before the 2009 amendment, there was no alternative disposition for that award in the absence of statutory dependents, but instead only an alternative type of benefit. *See Edwards v. Cherry City Electric, Inc.*, 141 Or App 578, 582-83, 919 P2d 501 (1996) (explaining preamended version of ORS 656.218). Until 1973, however, the statute did not provide who was entitled to pursue a claim that was pending at the time of the worker's death. That is, the statute referenced "persons" only as a means of identifying the one—and, then, only—beneficiary class entitled to payment. In 1973, the legislature added subsection (3) to explicitly state who could pursue a deceased worker's claim. Or Laws 1973, ch 355, § 1. As the statute already happened to define the one—and only—beneficiary class in terms of "persons," the 1973 legislature quite naturally limited the ability to pursue a claim by referencing that one beneficiary class in terms of its constituents, *viz.*, "persons." In other words, the 1973 legislature made the ability to pursue a deceased worker's payments coextensive with the right to collect those payments.

I consider it unlikely that the 2009 legislature meant to divorce a beneficiary's right to payment from the ability to pursue that payment based on that beneficiary's status, *vel non*, as a "person." Instead, it is more natural to conclude that the 2009 legislature intended the would-be beneficiary's membership in one or the other of those beneficiary classes "described" by subsection (5) as the determinative factor in who may pursue that claim.[2]

Last, I note that, although the legislative history behind the 2009 amendment does not, in my mind, provide any conclusive evidence of legislative intent one way or the other, the majority's conclusion is at odds with at least two of the animating purposes behind the amendment. Specifically, the amendment was intended both to create a new type of beneficiary and to equalize treatment between those workers who died with statutory dependents and those who died without them, *i.e.*, the two beneficiary classes "described" by subsection (5). *See* 262 Or App at 606 n 3. Both of those purposes will be hindered under the majority's conclusion that the alternative beneficiary, the estate, cannot pursue a claim for payments.

For those reasons, I would accordingly conclude that claimant's son, in his capacity as personal representative of claimant's estate, is entitled to pursue claimant's compensation claim and I would deny SAIF's motion to dismiss and grant the motion to substitute claimant's personal representative as the real party in interest. I would accordingly proceed to address the merits of the petition for judicial review. For the reasons explained in *Brown v. SAIF*, 262 Or App 640, 325 P3d 834 (2014), I would reverse the board's decision and remand this case for the board to reconsider under the correct legal standard.

I respectfully dissent.

---

[2] The majority also relies on the fact that ORS 656.218(5) references "the unpaid balance of the award" as support for its conclusion that an estate is only entitled to receive payments on an already-existing award. With respect, the majority fails to read that provision within the context of the statute as a whole; when so read, the statute provides that the worker's estate is entitled to receive "the unpaid balance of the award" "whether eligibility therefor or the amount thereof have been determined."