122 April 9, 2015 No. 14

IN THE SUPREME COURT OF THE
STATE OF OREGON

In the Matter of the Compensation of
Gary D. Sather, Claimant.
Gary D. SATHER,
*Petitioner on Review,*

*v.*

SAIF CORPORATION
and Polk County Farmers-AG West Supply,
*Respondents on Review.*

(Agency No. 10-01494; CA A149547; SC S062466)

En Banc

On review from the Court of Appeals.*

Argued and submitted January 13, 2015.

Donald M. Hooton, Hooton Wold & Okrent, LLP, Beaverton, argued the cause and filed the briefs for petitioner on review.

Holly C. O'Dell, Appellate Counsel, SAIF Corporation, Salem, argued the cause and filed the brief for respondents on review.

Sara Ghafouri, Portland, filed the brief for *amicus curiae* Oregon Trial Lawyers Association. With her on the brief was Jodie Phillips Polich, Milwaukie.

BREWER, J.

The decision of the Court of Appeals is reversed, and the case is remanded to that court for a determination of the merits of the petition for judicial review.

_____
* Judicial review from Amended Opinion and Order from Workers' Compensation Board dated January 20, 2011. 262 Or App 597, 325 P3d 819 (2014).

**BREWER, J.**

The question before us in this workers' compensation case is whether, under ORS 656.218(3) and (5),[1] claimant's estate is authorized to pursue a request for hearing seeking an award of permanent partial disability (PPD) benefits that claimant filed before his death, when the cause of his death was unrelated to the work injury. The Court of Appeals held that claimant's estate, through his personal representative, was not authorized to pursue the claim to final determination under ORS 656.218(3) on the grounds that (1) the estate is not one of the "persons" described in 656.218(5), and (2) the phrase "unpaid balance of the award" in the second sentence of subsection (5) restricts an estate's entitlement to PPD benefits that were awarded before a worker's death. *Sather v. SAIF*, 262 Or App 597, 325 P3d 819 (2014). The court therefore denied the motion for substitution and dismissed the petition for judicial review. We review those determinations for errors of law, ORS 183.482(8), and, for the reasons explained below, we reverse the decision of the Court of Appeals and remand to that court for a determination of the merits of the petition for judicial review.

## FACTS AND PROCEDURAL HISTORY

In 2009, claimant sought workers' compensation benefits for a work-related injury. Before the date of his injury, claimant had preexisting multilevel degenerative disc disease and a history of intermittent low back pain with some bilateral radiation to his legs. SAIF, the employer's workers' compensation insurer, accepted a claim for a lumbar strain. Claimant subsequently sought acceptance of a combined condition, which SAIF ultimately denied on the ground that the accepted injury was no longer the major contributing cause of the combined condition. Claimant filed a request for hearing on the denial under ORS 656.283(1), which authorizes parties to file requests for hearings on matters concerning a claim.[2] The Workers'

---

[1] We quote ORS 656.218 below.

[2] ORS 656.283(1) provides:

"Subject to ORS 656.319, any party or the Director of the Department of Consumer and Business Services may at any time request a hearing on any matter concerning a claim, except matters for which a procedure for resolving the dispute is provided in another statute, including ORS 656.704."

Compensation Board upheld SAIF's denial, and claimant sought judicial review in the Court of Appeals. Before that court, claimant conceded that the accepted lumbar strain was no longer the cause of his combined condition. However, claimant contended that, in determining the compensability of his claim, the board erroneously had framed the inquiry in terms of whether the accepted condition continued to be the major contributing cause of his disability or need for treatment. In claimant's view, the proper inquiry was whether his accidental injury continued to be the major contributing cause of his combined condition. Claimant contended that there was no evidence that that injury was no longer the major contributing cause of his disability or need for treatment.

While judicial review was pending before the Court of Appeals, claimant died of causes unrelated to his workplace injury, without a surviving spouse or other beneficiary entitled to a death benefit under ORS 656.204. *See also* ORS 656.005(2) (defining "beneficiary" to mean "an injured worker, and the husband, wife, child or dependent of a worker, who is entitled to receive payments under this chapter"). After claimant's death, SAIF moved to dismiss the petition for judicial review; in response, the personal representative of claimant's estate sought to be substituted as the real party in interest for purposes of judicial review. SAIF objected to the proposed substitution on the ground that claimant's estate is not a "person" entitled to pursue a claim under ORS 656.218(3).

As discussed, the Court of Appeals agreed with SAIF and dismissed the petition for judicial review. That court initially observed that, under the pre-2009 version of the statute, it had held in several cases that the persons entitled to pursue a claim under ORS 656.218(3) after a worker's death were the same persons entitled to receive death benefits under ORS 656.204, and did not include the worker's estate or personal representative. *See, e.g.*, *Cato v. Alcoa-Reynolds Metals Co.*, 210 Or App 721, 729-30, 152 P3d 981, *rev den*, 343 Or 115 (2007) (*former* ORS 656.218(3) and (5) limited the right to pursue a hearing after the death of a worker to persons entitled to death benefits under ORS 656.204).

The Court of Appeals concluded that a 2009 amend-
ment to ORS 656.218 did not fundamentally alter the
analysis:

> "[T]the only amendment of ORS 656.218 in 2009 was to
> subsection (5), by the replacement of the subsection's for-
> mer second sentence ('In the absence of persons so entitled,
> a burial allowance may be paid not to exceed the lesser of
> either the unpaid award or the amount payable by ORS
> 656.204.') with a new second sentence—'In the absence of
> persons so entitled, the unpaid balance of the award shall
> be paid to the worker's estate.'"

*Sather*, 262 Or App at 604. The court reasoned:

> "ORS 656.218(3) continues to describe the persons who may
> pursue a claim as 'the persons described in subsection (5).'
> The first sentence of ORS 656.218(5) continues to state that
> the payments required by the statute are to be made to
> 'the persons who would have been entitled to receive death
> benefits[.]' The most straightforward reading of the text is
> that those are the 'persons' to whom ORS 656.218(3) refers,
> and they do not include the worker's estate or personal rep-
> resentative. The new second sentence's requirement that,
> in the event that there are no 'persons so entitled,' 'the
> unpaid balance of the award' is to be paid to the estate does
> not alter our conclusion. That sentence reveals two factors
> central to its application: (1) an estate is not among the
> 'persons so entitled,' and (2) there exists a previous award
> with an 'unpaid balance,' that is, the worker's entitlement
> to benefits has been previously determined. In other words,
> the second sentence is applicable when the deceased work-
> er's eligibility for benefits or the amount of benefits has
> been determined—when there has been an award. In the
> absence of persons entitled to receive death benefits, the
> estate receives the remaining unpaid balance of an award
> previously determined. But, contrary to the dissent's rea-
> soning, that sentence does not provide independent author-
> ity for the estate to pursue a claim that has not yet been
> determined."

*Id*. at 605.

The Court of Appeals also noted that, when the
2009 legislature amended subsection (5) by eliminating the
provision for a burial allowance and authorizing a worker's
estate to receive unpaid awards, it made a similar change

to ORS 656.204(1)(b), which previously had provided for payment of the cost of "burial." *Id.* at 606. According to the court, "Those changes, together with the amendment to ORS 656.218(5), reflect a consistent intention that, when an award has been made and there are no surviving statutory beneficiaries of the worker as defined in ORS 656.204, the estate must receive any *previously awarded* benefits." *Id.* (emphasis added).

In sum, the Court of Appeals' holding hinged on two legal conclusions: First, for purposes of subsection (3), "the persons described in subsection (5)" include only the "persons" described in the first sentence of subsection (5), not a worker's estate under the second sentence of subsection (5); and second, the phrase "unpaid balance of the award" in the second sentence of subsection (5) restricts an estate's entitlement to PPD benefits that were awarded before a worker's death.[3] This court accepted review to address the personal representative's challenge to those conclusions.

## STATUTORY OVERVIEW

A brief overview will be helpful in understanding the key statutory terms. ORS 656.218 governs the survival of claims for benefits after the death of an injured worker as a result of causes unrelated to the accidental injury. That statute provides:

"(1)   In case of the death of a worker entitled to compensation, whether eligibility therefor or the amount thereof have been determined, payments shall be made for the period during which the worker, if surviving, would have been entitled thereto.

"(2)   If the worker's death occurs prior to issuance of a notice of closure under ORS 656.268, the insurer or the self-insured employer shall determine compensation for permanent partial disability, if any.

"(3)   If the worker has filed a request for a hearing pursuant to ORS 656.283 and death occurs prior to the final disposition of the request, the persons described in subsection (5) of this section shall be entitled to pursue the matter

---

[3]   Judge Egan, in dissent, disagreed with both conclusions.

to final determination of all issues presented by the request for hearing.

"(4)   If the worker dies before filing a request for hearing, the persons described in subsection (5) of this section shall be entitled to file a request for hearing and to pursue the matter to final determination as to all issues presented by the request for hearing.

"(5)   The payments provided in this section shall be made to the persons who would have been entitled to receive death benefits if the injury causing the disability had been fatal. In the absence of persons so entitled, the unpaid balance of the award shall be paid to the worker's estate.

"(6)   This section does not entitle any person to double payments on account of the death of a worker and a continuation of payments for permanent partial disability, or to a greater sum in the aggregate than if the injury had been fatal."

Regardless of whether a deceased worker's claim for an award of benefits was finally determined before the worker's death, subsection (1) provides that payments "shall be made" for the period during which the worker would have been entitled to such benefits if he or she had survived. When a worker dies after requesting a hearing on the denial of a claim but before the final determination of a request for judicial review, subsection (3) states that "the *persons* described in subsection (5) of this section shall be entitled to pursue the matter to final determination." (Emphasis added.) The "persons" described in the first sentence of subsection (5) include those persons "who would have been entitled to receive death benefits if the injury causing the disability had been fatal." Those persons, if any, are determined with reference to ORS 656.204,[4] which designates the deceased

---

[4] ORS 656.204 provides, in part:

"If death results from the accidental injury, payments shall be made as follows:

"(1)(a) The cost of final disposition of the body and funeral expenses, including but not limited to transportation of the body, shall be paid, not to exceed 20 times the average weekly wage in any case.

"(b) The insurer or self-insured employer shall pay bills submitted for disposition and funeral expenses up to the benefit limit established in paragraph (a) of this subsection. If any part of the benefit remains unpaid

worker's surviving spouse, dependent children, and other dependents as the recipients of "benefits" when the worker's death resulted from accidental injury. If no person within the class of persons described in the first sentence of ORS 656.218(5) exists who is authorized to pursue a deceased worker's request for a hearing to a final determination, the second sentence of subsection (5) provides that "the unpaid balance of the award shall be paid to the worker's estate." The dispute between the parties depends, textually, on whether the worker's estate is a person that may pursue a matter to final determination under subsection (3).

Although the current version of ORS 656.218 applies to the issues before us, the evolution of the statute into its current form is helpful context. The reference to an "unpaid balance of the award" in ORS 656.218(5) dates back to early versions of the statute, which provided that a deceased

60 days after claim acceptance, the insurer or self-insured employer shall pay the unpaid amount to the estate of the worker.

"(2)(a) If the worker is survived by a spouse, monthly benefits shall be paid in an amount equal to 4.35 times 66-2/3 percent of the average weekly wage to the surviving spouse until remarriage. The payment shall cease at the end of the month in which the remarriage occurs.

"(b) If the worker is survived by a spouse, monthly benefits also shall be paid in an amount equal to 4.35 times 10 percent of the average weekly wage for each child of the deceased who is substantially dependent on the spouse for support, until such child becomes 18 years of age.

"(c) If the worker is survived by a spouse, monthly benefits also shall be paid in an amount equal to 4.35 times 25 percent of the average weekly wage for each child of the deceased who is not substantially dependent on the spouse for support, until such child becomes 18 years of age.

"* * * * *

"(4)(a) If the worker leaves neither wife nor husband, but a child under 18 years of age, a monthly benefit equal to 4.35 times 25 percent of the average weekly wage shall be paid to each such child until the child becomes 18 years of age.

"* * * * *

"(5)(a) If the worker leaves a dependent other than a surviving spouse or a child, a monthly payment shall be made to each dependent equal to 50 percent of the average monthly support actually received by such dependent from the worker during the 12 months next preceding the occurrence of the accidental injury. If a dependent is under the age of 18 years at the time of the accidental injury, the payment to the dependent shall cease when such dependent becomes 18 years of age. The payment to any dependent shall cease under the same circumstances that would have terminated the dependency had the injury not happened."

worker's surviving beneficiaries were entitled to receive only benefits that finally had been determined before the death of the worker.[5] In 1973, the legislature amended ORS 656.218 by adding to subsection (1) the phrase "whether his eligibility therefor or the amount thereof have been determined." Or Laws 1973, ch 355, § 1. In the same amendment, the legislature added new subsections (2), (3), and (4), to provide for the survival—in favor of such beneficiaries—of claims that had not finally been determined before the worker's death. *Id.* To effectuate its purpose, the 1973 legislature also amended *former* subsection (2), now subsection (5), to provide:

> "The payments provided in subsections (1), (2), (3) and (4) of this section shall be made to the persons who would have been entitled to receive death benefits if the injury causing the disability had been fatal. In the absence of persons so entitled, a burial allowance may be paid not to exceed the lesser of either the unpaid award or the amount payable by ORS 656.204."

*Id.*

In 1987, the legislature amended the first sentence of subsection (5) to read: "The payments provided in this section shall be made to the persons who would have been entitled to receive death benefits if the injury causing the disability had been fatal." Or Laws 1987, ch 884, § 16. The second sentence of subsection (5) was not changed. Based on the word "may" in the second sentence, the Court of Appeals previously had held that payment of a burial allowance was discretionary; as a consequence, the Court of Appeals had determined that "there is no need to give personal representatives the right to pursue claims under ORS 656.218." *Edwards v. Cherry City Elec., Inc.*, 141 Or App 578, 584, 919

---

[5] For example, ORS 656.218 (1959) provided, in pertinent part:

"(1) In case of the death of a workman receiving monthly payments on account of permanent partial disability, such payments shall continue for the period during which the workman, if surviving, would have been entitled thereto.

"(2) The payments shall be made to the persons who would have been entitled to receive death benefits if the injury causing the disability had been fatal. In the absence of persons so entitled, a burial allowance may be paid not to exceed the lesser of either the unpaid award or the amount payable by ORS 656.204."

P2d 501 (1996). After the 1987 amendment, ORS 656.218 did not substantively change for purposes relevant to this matter until 2009.

The 2009 amendments to ORS 656.204 and ORS 656.218 were part of Senate Bill (SB) 110 (2009), which was enacted in response to a Workers' Compensation Management-Labor Advisory Committee (MLAC) study. The purpose of that study, which was submitted to the legislative committees that considered SB 110, was to examine the adequacy of death-related benefits that were available to a deceased worker's survivors under the Workers Compensation laws. With regard to ORS 656.218, the executive summary of the MLAC report stated:

> "*ORS 656.218 states that if a worker dies before his or her permanent partial disability award is paid in full and the worker has a spouse or dependent children, the insurer pays the full remainder of the award to them.* However, the law also states that if the worker does not have a spouse or dependent children, the insurer only pays the statutory burial amount or the remaining permanent partial disability award, whichever is less. *MLAC concluded that the insurer should be obligated to pay the full remaining award, whether or not the worker has a spouse or children.*"

Workers' Compensation Management-Labor Advisory Committee, *Senate Bill 835 (2007) Death Benefit Study Report*, Executive Summary (January 2009) (emphasis added). The body of the report essentially repeated the quoted description of the operative effect of the then-existing version of the statute, with the following variation on the first sentence: "ORS 656.218 states what happens if a worker dies before his or her permanent partial disability award is paid in full." *Id.* at 9.

Based on the MLAC study report, the 2009 legislature amended ORS 656.218(5) to eliminate the discretionary provision for a burial allowance and to provide that an estate "shall" receive the "unpaid balance of the award" if no eligible beneficiaries exist. Or Laws 2009, ch 171, § 2. The legislature made a similar change to ORS 656.204(1)(b), which previously had provided for payment of the cost of "burial." As amended by Or Laws 2009, ch 171, § 1, ORS 656.204(1) requires an insurer to pay the expenses for

disposition of the worker's body and funeral expenses, but not to exceed 20 times the worker's average weekly wage. It further provides that "any part of the [funeral] benefit [that] remains unpaid 60 days after claim acceptance" is to be paid to the estate of the worker. ORS 656.204(1)(b). With those changes, ORS 656.204 (as to disposition and funeral benefits) and ORS 656.218 (as to PPD benefits), for the first time, specifically required the payment of benefits to a worker's estate.

As elaborated below, an aspect of the parties' disagreement about the meaning of ORS 656.218(3) and (5) appears to have its roots in the above quoted statements from the MLAC study report, which imprecisely described the operative effect of ORS 656.218 (1999). As noted, subsection (1), which was not altered by the 2009 amendment, had—since 1973—required the payment of benefits after the death of an injured worker, regardless of whether the worker's eligibility for, or the amount of, such benefits had been determined before the worker died. Also since 1973, ORS 656.218(2), (3), and (4) had provided for the survival of pending claims that had not been finally determined before a worker's death. The term "award" itself, as used in subsection (5), was an apparent holdover from pre-1973 versions of the statute that provided for survivor payments only of benefits that finally had been determined before the worker's death. Thus, although the MLAC study report spoke in terms of an "award," ORS 656.218, by its terms, imposed on insurers an obligation to pay benefits that had not finally been determined before a worker's death. Against that statutory backdrop, the terminology used in that report was carried forward into ORS 656.218(5) (2009), which requires payment of the "unpaid balance of the award" to the worker's estate if no eligible beneficiaries exist under ORS 656.204. With that background, we turn to the controlling statutory construction analysis.

## ANALYSIS

As discussed, the first issue before us is whether "the persons described in subsection (5)" under ORS 656.218(3) include not only the "persons" described in the first sentence of subsection (5), but also a worker's estate under the second

sentence of subsection (5). In addressing that issue, we examine the text of that statute in context and, where appropriate, consider legislative history and pertinent canons of statutory construction. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). As the term is used in ORS chapter 656, "person" "includes [a] partnership, joint venture, association, limited liability company and corporation." ORS 656.005(23).[6] Although an "estate" is not expressly included in that definition, neither, for that matter, are individual human beings. The question is how broadly or narrowly the phrase "persons described in subsection (5)" was meant to be interpreted. As we now explain, we conclude that the legislature intended that phrase to include, where applicable, a deceased worker's estate.

Our point of departure is the principle of *ejusdem generis*, which "serves to confine the interpretation of [a] general term according to one or more common characteristics of the listed examples." *State v. Kurtz*, 350 Or 65, 74, 249 P3d 1271 (2011); *see also* *Lewis v. CIGNA Ins. Co.*, 339 Or 342, 350-51, 121 P3d 1128 (2005) (under *ejusdem generis* rule, court examines "basic characteristics" of enumerated items when construing more general words). When they precede a list of examples, statutory terms such as "includes" and "including but not limited to" typically convey an intent that the accompanying examples be read in a nonexclusive sense. *Kurtz*, 350 Or at 75. In that context, we "give interpretive weight to all the words that the legislature used," including both the general term and any specific examples. *Schmidt v. Mt. Angel Abbey*, 347 Or 389, 404, 223 P3d 399 (2009). As this court explained in *Schmidt*:

> "That does not mean, of course, that the specific examples constitute the universe of items to which the general term refers; rather, it means only that our interpretation

---

[6] That definition is consistent with the definition of "person" in ORS 174.100, which provides, in part:

"As used in the statute laws of this state, unless the context or a specially applicable definition requires otherwise:

"* * * * *

"(5) 'Person' includes individuals, corporations, associations, firms, partnerships, limited liability companies and joint stock companies."

of the general term includes consideration of those specific examples."

*Id.*

We conclude that, by using the word "includes" in ORS 656.005(23), the legislature likely intended a non-exclusive meaning for the word "person." Otherwise, as noted, the term necessarily would exclude an individual human being, which would make no sense. Instead, the word "person" more plausibly encompasses its ordinary meaning: "a human being, a body of persons, or a corporation, partnership, or other legal entity that is recognized by law as the subject of rights and duties." *Webster's Third New Int'l Dictionary* 1686 (unabridged ed 2002). If, as the term is used in ORS 656.218(3), "persons" is understood to include, in addition to the categories of entities listed in ORS 656.005(23), other entities that are recognized by law as subject to legal rights and duties, an estate, too, would qualify. Estates, acting through a personal representative, have numerous legal rights and duties in connection with the administration of a decedent's affairs, including the payment of debts and distribution of property. As an example, a decedent's estate is a "taxpayer" for purposes of Oregon's income tax law. *See* ORS 316.022(7) (defining "taxpayer" to include an estate); *see also Barber v. Dept. of Rev.*, 5 OTR 342, 344 (1973) ("A decedent's estate is a legal entity separate and apart from the decedent. (See ORS ch 114.).").

Definitions of "person" in statutes outside ORS chapter 656 are consistent with the understanding that an estate is a legal entity that can qualify as a "person." For example, under the Uniform Adult Guardianship and Protective Proceedings Jurisdiction Act, ORS 125.802(10)(a),

"'[p]erson' means an individual, corporation, business trust, estate, trust, partnership, limited liability company, association, joint venture, public corporation, government or governmental subdivision, agency or instrumentality or any other legal or commercial entity."

*See also* ORS 128.316(6) ("'Person' means an individual, corporation, business trust, estate, trust, partnership, limited

liability company, association, joint venture, public corporation, government or governmental subdivision, agency or instrumentality, or any other legal or commercial entity."); ORS 646A.602(10) ("'Person' means any individual, private or public corporation, partnership, cooperative, association, estate, limited liability company, organization or other entity, whether or not organized to operate at a profit, or a public body as defined in ORS 174.109.").[7] In each of the described statutes, the qualifying list of persons is more comprehensive than the list of examples in ORS 656.005(23), likely because the legislature used the restrictive word "means" in those statutes, rather than the broader word "includes." However, those statutes show that the legislature often has expressly designated an estate as a person when, as in ORS 656.005(23), it has defined "person" to mean any among an array of legal entities that are recognized by law as the subject of rights and duties.[8]

The difficulty with the Court of Appeals' narrower interpretation of "person" in ORS 656.218(3) is that it fails to read subsections (3) and (5) in the context of the statute as a whole. As discussed, subsection (1) provides that payment of compensation to which a deceased worker was entitled shall be made "whether eligibility therefor or the amount thereof have been determined." The Court of Appeals' interpretation would result in the anomalous consequence that compensation for an undetermined permanent partial disability claim must be paid even if no surviving spouse or dependents exist, without providing a remedy to enforce the obligation if it is not voluntarily paid. Where, as here, neither claimant's

---

[7] *But see State v. Patton*, 237 Or App 46, 50, 238 P3d 439 (2010), *rev den*, 350 Or 131 (2011) (estate of victim was not entitled to restitution where statutory definition of "victim" referred to a "person," and relevant statutory definition of "person" in ORS 161.015(5) was *limited by its terms* to "mean[] a human being, and, where appropriate, a public or private corporation, an unincorporated association, a partnership, a government or a governmental instrumentality").

[8] Worth noting is that the term "estate" does not always refer to an entity recognized by law as having legal rights and duties. The term also can refer to the property of a decedent. *See* ORS 111.005(15) (so defining "estate" for purposes of the probate code); *see also* ORS 114.505(3) (so defining "estate" for purposes of small estate procedure). However, it is readily apparent from the text of ORS 656.218(5), in context, that "estate," as used in that provision, refers to a legal entity that is entitled to receive payment of benefits, not to the property of the decedent.

eligibility for—nor the amount of—permanent partial disability benefits finally had been determined at the time of his death, the matter can be much more complicated than simply making a payment or series of payments. As the parties' dispute on the merits of the claim indicates, any number of factual and legal disagreements can arise that, in the absence of a forum with authority to adjudicate them, could end in impasse, thereby frustrating the legislature's express purpose that unpaid benefits to which a deceased worker was entitled, whether finally determined or not, should be paid after his or her death. A broader interpretation of "person" in subsection (3) avoids that anomaly.

The fact that the legislature used the word "persons" in the first sentence of subsection (5), but did not expressly refer to an estate as a "person" in the second sentence of that subsection, does not alter our conclusion. As noted, the first sentence of subsection (5) refers to "persons who would have been entitled to receive death benefits if the injury causing the disability had been fatal." That reference implicates ORS 656.204, which provides for payments where a workplace injury has caused the worker's death. As noted, under ORS 656.204(1)(b), although an estate is entitled to payment of the costs of disposition and funeral expenses, an estate is not a person who would have been entitled to a "death benefit" under ORS 656.204. "Benefits" are payable under subsections (2) through (8) of that statute to a deceased worker's spouse and dependents. The fact that a worker's estate is not such a person is confirmed by the perceived need for the second sentence of ORS 656.218(5), which applies only when no "persons" described in the first sentence exist.

However, the fact that an estate is not a person described in ORS 656.204 does not mean that an estate is not a person at all. As used in the first sentence of subsection (5), "persons" refers to a specific category, not the entire universe, of persons. Although the second sentence of subsection (5) excludes the specific category of persons in the first sentence, it still may describe a "person" within the meaning of ORS 656.005(23). Whether an estate is such a person requires the more detailed analysis that we have

undertaken. Based on that analysis, which includes the text and context of ORS 656.218, including ORS 656.005(23), we conclude that "the persons described in subsection (5)," as the term is used in subsection (3), include a deceased worker's estate.[9]

        We now turn to the Court of Appeals' conclusion that the phrase "unpaid balance of the award" in ORS 656.218(5) restricts an estate's entitlement to the payment of benefits that finally had been determined before the worker died. At one level, our determination that claimant's estate is a person described in subsection (5) for purposes of subsection (3) could be deemed to fatally undermine that conclusion. That is, by its terms, subsection (3) provides that such persons, including a worker's estate, are entitled to pursue a deceased worker's request for hearing "to final determination of all issues presented by the request for hearing." However, even though we have concluded that a worker's estate is a person described in subsection (5), it is arguable that an estate nevertheless could have a restricted right to the payment of benefits, depending on the meaning of the phrase "unpaid balance of the award" in the second sentence of subsection (5). Accordingly, it is appropriate to determine—using our customary statutory construction methodology—whether that phrase restricts a worker's estate's entitlement to the payment of benefits that finally had been determined before the worker died.

        The word "award" and the phrase "unpaid balance of the award" are not defined in the Workers' Compensation

---

[9] Before turning to the second ground of the Court of Appeals decision, we briefly note an aspect of ORS 656.283(1) that has peripheral bearing on the problem before us. As discussed above, that provision authorizes "any party" or the Department of Consumer and Business Services to "request a hearing on any matter concerning a claim." "Party," for purposes of the Workers Compensation Law, means "a claimant for compensation, the employer of the injured worker at the time of injury and the insurer, if any, of such employer." ORS 656.005(21). SAIF argues that claimant's estate is not a "party" for purposes of ORS 656.283 because it is not an employer, insurer, nor "a claimant for compensation." We need not decide whether an estate qualifies as a claimant for compensation because, as SAIF itself observes, by its terms ORS 656.283(1) does not apply to "matters for which a procedure for resolving the dispute is provided in another statute." And, as SAIF also observes, ORS 656.218(3) is such a statute. Accordingly, whether or not claimant's estate would qualify as a "party" under ORS 656.283(1) is not dispositive of the issue before us.

statutes. However, "award" is used throughout the statutory framework—in particular, with reference to permanent partial disability—to describe the final disposition of a claim that is favorable, at least in part, to the claimant.[10] Moreover, the term "unpaid balance" could be understood to indicate that part—but not all—of an existing award was paid before the worker's death. Viewed accordingly, the Court of Appeals' interpretation is, as a textual matter, plausible. That is, "the unpaid balance of the award" could refer to the unpaid amount of an award that finally was determined before the worker's death.

However, there is another plausible interpretation of the disputed phrase. Under that interpretation, "the unpaid balance of the award" does not restrict an estate's entitlement to *previously awarded* benefits. Instead, it was meant more broadly to capture—in a single provision—two scenarios. The first is the one that the Court of Appeals envisaged. In contrast, in the second scenario, the worker's eligibility for, and the amount of, benefits would be determined after the worker's death. *See* ORS 656.218(2), (3), (4). In that scenario, if a deceased worker was determined to have been eligible for compensation, an award ultimately would be made, the entire balance of which would have been unpaid when the worker died. When understood in that way, the second sentence of subsection (5) refers to an estate's entitlement to the

---

[10] For example, ORS 656.214 provides, in part:

"(2) When permanent partial disability results from a compensable injury or occupational disease, benefits shall be *awarded* as follows:

"(a) If the worker has been released to regular work by the attending physician or nurse practitioner authorized to provide compensable medical services under ORS 656.245 or has returned to regular work at the job held at the time of injury, *the award* shall be for impairment only.

"* * * * *

"(b) If the worker has not been released to regular work by the attending physician or nurse practitioner authorized to provide compensable medical services under ORS 656.245 or has not returned to regular work at the job held at the time of injury, *the award* shall be for impairment and work disability.

"* * * * *

"(3) Impairment benefits *awarded* under subsection (2)(a) of this section shall be expressed as a percentage of the whole person."

(Emphasis added).

unpaid balance of an award, regardless of whether the award finally had been determined when the worker died.[11] That is, the estate is entitled to "the unpaid balance of the award" pursuant to subsection (5), regardless—in accordance with subsection (1)—of "whether eligibility therefor or the amount thereof" had been determined before the worker died.

Because both constructions of the phrase "unpaid balance of the award" are textually plausible, we consider them in the context of the other provisions of ORS 656.218 to determine which construction better comports with the legislature's probable intent. *See, e.g.*, *Bergmann v. Hutton,* 337 Or 596, 603, 101 P3d 353 (2004) (using context to resolve choice between two textually plausible constructions of statute). For several reasons, that inquiry favors the broader construction of the disputed phrase.

First, only that broader construction is consistent with our conclusion that an estate is a person described in subsection (5) that is authorized, under subsection (3), to pursue requests for hearing to a final determination after a worker's death. Second, the broader construction is consistent with the plain text of ORS 656.218(1), which states that, if a deceased worker was entitled to compensation, "whether eligibility therefor or the amount thereof have been determined, payments shall be made for the period during which the worker, if surviving, would have been entitled thereto." In contrast, the Court of Appeals' narrower construction of the phrase "unpaid balance of the award"

---

[11] In reaching a different conclusion, the Court of Appeals emphasized that, as amended in 2009, ORS 656.204(1)(b), adopted a formula that, among other things, requires an insurer to pay an estate for the costs of disposition of the worker's body and funeral expenses "that remain unpaid" 60 days after claim acceptance. From those changes, along with the amendment to ORS 656.218(5), the Court of Appeals inferred "a consistent intention that, when an award has been made and there are no surviving statutory beneficiaries of the worker as defined in ORS 656.204, the estate must receive any previously awarded benefits." *Sather*, 262 Or App at 606. With respect, we fail to discern evidence in the provisions of ORS 656.204(1), as amended in 2009, for the inference that the Court of Appeals drew. Where a worker's death results from an accidental workplace injury, ORS 656.204(1) requires an insurer to pay certain bills, and if they remain unpaid 60 days after claim acceptance, to pay the unpaid amount of the funeral and burial benefit to the worker's estate. The fact that that fallback payment obligation involves "previously awarded benefits" is a function of the insurer's primary obligation to pay the bills in the first instance. It does not materially inform our analysis of the issue at hand.

depends on one or both of two less plausible propositions: (1) ORS 656.218(1) requires an insurer to pay compensation for claims on which no award was made before an injured worker died, only where persons exist who would have been entitled to death benefits under ORS 656.204 if the worker's injury had been fatal; or (2) ORS 656.218(1) requires an insurer to pay compensation to which a deceased worker would have been entitled on claims on which no award was made before the worker died, but, in the absence of one or more eligible beneficiaries under ORS 656.204, the obligation is unenforceable.

The proposition that subsection (1) requires an insurer to pay undetermined claims only when eligible beneficiaries exist under ORS 656.204 ignores the plain text of subsection (1) and requires rewriting it by inserting a reference to the beneficiaries listed under ORS 656.204. That interpretation would be inconsistent with a court's duties not to insert into a statute what has been omitted, or to omit what has been inserted, and, where there are several provisions or particulars, to adopt a construction that will give effect to all parts of the statute whenever possible. ORS 174.010.[12]

The alternative proposition that subsection (1) creates an obligation without a remedy fails to account for why—in the absence of eligible beneficiaries under ORS 656.204—the legislature would create an obligation under ORS 656.218(1) to pay previously undetermined benefits to

---

[12] At oral argument, SAIF raised an additional argument in support of that first proposition that was not developed in its brief on review nor addressed by the Court of Appeals—namely, that an estate is not entitled to "compensation" pursuant to ORS 656.218(1), because, under ORS 656.005(8), compensation is only provided to a "subject worker or the worker's beneficiaries." The term "beneficiary," the argument proceeds, is restricted to an injured worker and the worker's spouse or dependents. ORS 656.005(2). The answer to that argument is straightforward: ORS 656.218(1) refers to *the worker's entitlement to compensation*; it directs that payment be made based on that entitlement, a direction that does not depend on whether the worker was survived by a person who would have been entitled to death benefits under ORS 656.204 if the worker's injury had been fatal. To the contrary, if SAIF were correct in asserting that only a subject worker or his or her statutory beneficiaries are entitled to receive payments under subsection (1), then SAIF's own reading of subsection (5), under which a worker's estate would be entitled to the unpaid balance of a pre-death PPD award where the worker died without qualifying beneficiaries under ORS 656.204, would be in direct tension with subsection (1).

which the worker, if surviving, would have been entitled, but designate no person to receive, much less enforce, the obligation to pay such benefits. SAIF downplays that quandary for two reasons. First, as discussed, it asserts that an estate is entitled to receive only an award of benefits that was determined before the worker died—a proposition that we already have rejected. Second, SAIF points out that the director of the Department of Business and Consumer Services has authority under ORS 656.745(2)(b) to assess a civil penalty against an insurer that "[f]ails to comply with statutes * * * or other requirements necessary to carry out the purposes of [ORS Chapter 656]." Perhaps so, but that is a far cry from a direct remedy that can be sought by a person who is entitled to pursue a claim and receive payment.

Finally, the broader construction of the phrase "unpaid balance of the award" is consistent with the legislative history of the 2009 amendment to subsection (5). As noted, the executive summary of the MLAC report indicated that "the insurer should be obligated to pay the full remaining award, whether or not [a deceased] worker has a spouse or children." In making that declaration, there is no indication that the MLAC—much less the legislature that adopted its proposal—intended to distinguish between awards that had been finalized before, as opposed to after, a worker's death.[13]

In short, we conclude that the phrase "unpaid balance of the award" in the second sentence of ORS 656.218(5) does not restrict an estate's entitlement to PPD benefits that were awarded before a worker's death. Instead, in the absence of persons who would have been entitled to receive such benefits if the injury causing a worker's disability had been fatal, an estate is entitled to pursue to final

---

[13] The MLAC report did not refer to any particular subsection of ORS 656.218; it simply purported to describe the operative effect of the statute. That is unsurprising in view of the fact, that—as discussed—the reference in subsection (5) to an "award" is directly traceable to a long-superseded version of the statute in which no survivor's benefits were payable on claims that had not finally been determined before an injured worker's death and, perforce, the first sentence of subsection (5) did not exist at all. At most, the history suggests that the MLAC and the legislature may not have actually considered how the two sentences of subsection (5) would work together now that, for the first time, a particular entity—the deceased worker's estate—was designated to receive payment of a death benefit in the absence of eligible beneficiaries under ORS 656.204.

determination a worker's request for a hearing pursuant to ORS 656.283 when the worker dies prior to the final disposition of the request.

## CONCLUSION

To summarize: we hold that, in the absence of persons who would have been entitled to receive death benefits if the injury causing a deceased worker's disability had been fatal, an award of permanent partial disability benefits that is finally determined after the worker's death pursuant to ORS 656.218(3) is payable to the worker's estate under ORS 656.218(5). That conclusion follows from our first determination that, for purposes of subsection (3), "the persons described in subsection (5)" include a worker's estate under the second sentence of subsection (5); and our second determination that the phrase "unpaid balance of the award" in the second sentence of subsection (5) does not restrict an estate's entitlement to PPD benefits that were awarded before the worker's death. It follows that the Court of Appeals erred in denying the personal representative's motion for substitution as the real party in interest on review and that the court further erred in dismissing the petition for judicial review.

The decision of the Court of Appeals is reversed, and the case is remanded to that court for a determination of the merits of the petition for judicial review.