Submitted on remand from the Oregon Supreme Court May 11, personal
representative's substitution motion granted; SAIF's motion to dismiss denied;
reversed and remanded for reconsideration July 8, 2015

In the Matter of the Compensation of
Gary D. Sather, Claimant.

Gary D. SATHER,
*Petitioner,*

*v.*

SAIF CORPORATION
and Polk County Farmers-AG West Supply,
*Respondents.*

Workers' Compensation Board
1001494; A149547

355 P3d 196

Donald M. Hooten argued the cause and filed the briefs
for petitioner.

Holly C. O'Dell argued the cause and filed the brief for
respondents.

Before Armstrong, Presiding Judge, and Hadlock, Judge,
and Egan, Judge.

PER CURIAM

## PER CURIAM

Claimant seeks review of an order of the Workers' Compensation Board that upheld a denial of an accepted claim for a combined condition based on the board's determination that claimant's accepted lumbar strain was no longer the major contributing cause of the combined condition.

SAIF, the employer's workers' compensation insurance carrier, accepted a claim for a lumbar strain. It subsequently accepted a claim for a combined condition but later denied the claim on the ground that the accepted lumber strain had ceased to be the major contributing cause of the combined condition. Claimant challenged the denial, but the board upheld it. Claimant sought judicial review of the board's order, contending that, in assessing the continued compensability of the combined condition, the board had made the wrong inquiry—*viz.*, whether the accepted lumbar strain continued to be the major contributing cause of the disability or need for treatment of the combined condition. He argued that, instead, the proper inquiry was whether his otherwise compensable injury continued to be the major contributing cause of disability or need for treatment of the combined condition.

While claimant's petition for judicial review was pending, claimant died of causes unrelated to his claim, without a surviving spouse or other statutory beneficiary. SAIF moved to dismiss claimant's petition for review, arguing that no one was entitled to pursue claimant's claims. The personal representative of claimant's estate opposed SAIF's motion and moved to be substituted for claimant on judicial review. In *Sather v. SAIF*, 262 Or App 597, 325 P3d 819 (2014), *rev'd*, 357 Or 122, 347 P3d 326 (2015), we agreed with SAIF, holding that the personal representative of claimant's estate was not entitled to pursue claimant's claim for benefits. Accordingly, we denied the personal representative's motion to be substituted for claimant, and we granted SAIF's motion to dismiss the proceeding. The Supreme Court reversed our decision, holding that the personal representative of claimant's estate was entitled to pursue claimant's claim for benefits and remanding the case to us. *Sather v. SAIF*, 357 Or 122, 142, 347 P3d 326 (2015).

Based on the court's decision, we grant the personal representative's motion to be substituted for claimant on judicial review, and we deny SAIF's motion to dismiss the proceeding. We turn to the merits.

Since our decision in *Sather*, we have held that, in cases such as this one, the board's task is to determine whether the otherwise compensable injury, as distinguished from the accepted conditions, has ceased to be the major contributing cause of the worker's disability or need for treatment for an accepted combined condition. *See Brown v. SAIF*, 262 Or App 640, 645-56, 325 P3d 834, *rev allowed*, 356 Or 397 (2014) (so holding). Therefore, we reverse and remand this case to the board to make that determination.

Personal representative's substitution motion granted; SAIF's motion to dismiss denied; reversed and remanded for reconsideration.