Argued and submitted September 1, reversed and remanded October 14, 2015,
petition for review denied January 14, 2016 (358 Or 529)

In the Matter of the Compensation of
Cobey Goodman, Claimant.

Cobey GOODMAN,
*Petitioner,*

*v.*

SAIF CORPORATION
and JSI Properties-Treasure Valley Coffee,
*Respondents.*

Workers' Compensation Board
1205683, 1205714; A155105

360 P3d 712

Julene M. Quinn argued the cause and filed the briefs for petitioner.

Beth Cupani argued the cause and filed the brief for respondents.

Before Sercombe, Presiding Judge, and Ortega, Judge, and Tookey, Judge.

SERCOMBE, P. J.

**SERCOMBE, P. J.**

In this workers' compensation case, claimant seeks review of an order of the Workers' Compensation Board (board) that reversed an order of the administrative law judge (ALJ) and upheld SAIF Corporation's (SAIF) denial of a combined condition claim. In its order, the board concluded that SAIF had established that claimant's accepted condition was no longer the major contributing cause of his combined condition. As explained below, we reverse and remand for reconsideration.

Claimant had a preexisting injury to his right wrist, arthritis in that wrist, and carpal tunnel syndrome. Then, in May 2012, claimant's right wrist and thumb were compensably injured in an incident at work. *See* ORS 656.005(7)(a) ("A 'compensable injury' is an accidental injury *** arising out of and in the course of employment requiring medical services or resulting in disability or death ***."). Based on that incident, claimant made a claim for compensation, and SAIF eventually accepted a claim for "contusion to the dorsal surface of the right wrist and acute strain of the radial collateral ligament attached to the radial styloid, right wrist." Claimant also made a claim for compensation based on a combined condition, and, effective May 8, 2012, SAIF accepted a combined condition of "right wrist injury combined with prior right wrist scaphoid non-union fracture and post traumatic arthritis." *See* ORS 656.005(7)(a)(B) ("If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."). However, SAIF concluded that, as of October 16, 2012, the "accepted injury [was] no longer the major contributing cause" of claimant's disability and, therefore, denied the combined condition claim "on and after" that date. *See* ORS 656.262(6)(c) ("An insurer's or self-insured employer's acceptance of a combined or consequential condition under ORS 656.005(7) *** shall not preclude the insurer or self-insured employer from later denying the combined or

consequential condition if the otherwise compensable injury ceases to be the major contributing cause of the combined or consequential condition."); ORS 656.262(7)(b) ("Once a worker's claim has been accepted, the insurer or self-insured employer must issue a written denial to the worker when the accepted injury is no longer the major contributing cause of the worker's combined condition before the claim may be closed.").

Claimant sought review of SAIF's decision, and, after a hearing, the ALJ concluded that SAIF had "failed to establish by a preponderance of the evidence that the compensable injury ceased to be the major contributing cause of claimant's need for treatment of the combined condition." *See* ORS 656.266(2)(a) ("Once the worker establishes an otherwise compensable injury, the employer shall bear the burden of proof to establish the otherwise compensable injury is not, or is no longer, the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."). Based on that conclusion, the ALJ set aside the combined condition denial.

SAIF challenged the ALJ's order, and the board reversed. The board observed that, pursuant to ORS 656.262(6)(c) and (7)(b), after a "carrier accepts a combined condition, it may deny the combined condition if the otherwise compensable injury ceases to be the major contributing cause of the combined condition." According to the board, in "such cases, the issue is whether the accepted condition remains the major contributing cause of the disability or need for treatment of the previously accepted combined condition." The board noted that, in this case, there was medical evidence that claimant's medical condition had not significantly changed since the work injury. However, according to the board,

"the issue is not whether claimant's 'medical condition' remains the major contributing cause of his disability and need for treatment or whether he had 'significant' changes in his pathology or symptomatology. Rather, the issue is whether the accepted right wrist contusion and strain remain the major contributing cause of the disability or need for treatment of the combined wrist condition."

Applying that standard, the board concluded that "the 'otherwise compensable' right wrist contusion and strain ceased to be the major contributing cause of the disability or need for treatment of the combined condition."

On review, claimant asserts that, in light of our decision in *Brown v. SAIF*, 262 Or App 640, 325 P3d 834, *rev allowed*, 356 Or 397 (2014), the board erred when it "considered only whether the accepted conditions remained the major contributing cause" of claimant's combined condition. According to claimant, an "otherwise compensable injury" is not "limited to the accepted conditions for the purposes of determining whether the injury ceased being the major contributing cause under ORS 656.005(7)(a)(B) and other applicable statutes." We agree.

In *Brown*, we considered whether, in upholding the denial of a combined condition claim based on proof that the claimant's accepted condition was no longer the major contributing cause of a combined condition, the board had "improperly conflated" the statutory terms "otherwise compensable injury" and "accepted condition." 262 Or App at 646 (internal quotation marks omitted). In evaluating that issue, we observed that "no statutory provision * * * expressly links the compensability of a combined condition to its relationship to an 'accepted condition'; rather, the compensability of the combined condition depends on its relationship to the 'otherwise compensable injury.'" *Id.* at 648. Further, we reasoned that the term "compensable injury" is "defined in ORS 656.005(7)(a) as an 'accidental injury' * * * arising out of and in the course of employment requiring medical services or resulting in disability or death" and that "injury-incident-based definition" of the term "does not make the compensability of an injury dependent on the insurer's acceptance of particular conditions." *Id.* (omission in original). In addition, we noted that the legislative history demonstrated that "the legislature never meant to equate a 'compensable injury' only with an 'accepted condition.'" *Id.* at 651. We concluded that "the 'otherwise compensable injury' as used in ORS 656.266(2)(a) and ORS 656.262(6)(c) is, as defined in ORS 656.005(7)(a), the work injury resulting from the work accident that caused the disability or need for treatment." *Id.* Accordingly, we held that, in evaluating the denial of

a combined condition claim in cases such as this one, the "question is whether claimant's work-related injury incident is the major contributing cause of the combined condition." *Id.* at 656; *see also Sather v. SAIF*, 272 Or App 263, 265, 355 P3d 196 (2015) ("[W]e have held that, in cases such as this one, the board's task is to determine whether the otherwise compensable injury, as distinguished from the accepted conditions, has ceased to be the major contributing cause of the worker's disability or need for treatment for an accepted combined condition.").

Here, as noted, the board did not apply that standard. Instead, it considered only whether claimant's accepted conditions remained the major contributing cause of the combined condition. As explained in *Brown*, that is not the correct legal test. Accordingly, this case must be remanded to the board for it to consider whether "claimant's work-related injury incident"—as distinguished from claimant's accepted conditions—continues to be "the major contributing cause of the combined condition." *Brown*, 262 Or App at 656.

Reversed and remanded.