On personal representative's motion to substitute as the real party in interest filed December 10, 2014, argued and submitted January 5, motion to substitute claimant's personal representative as the real party in interest granted, affirmed December 30, 2015

In the Matter of the Compensation of
Florence M. Norwood, Deceased, Claimant.

SEDGWICK CLAIMS
MANAGEMENT SERVICES,
*Petitioner,*

*v.*

Diane NORWOOD,
Personal Representative for
Florence M. Norwood, Deceased,
*Respondent.*

Workers' Compensation Board
1104948; A153605

365 P3d 671

Michael G. Bostwick argued the cause and filed the briefs for petitioner.

Edward J. Harri argued the cause for respondent. With him on the brief was J. Michael Casey.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

Claimant filed a workers' compensation claim for injuries that she sustained while performing an errand for her employer. Employer denied the claim on the ground that claimant's injuries were not compensable under ORS 656.005(7)(b)(B), which excludes from compensability injuries incurred "while engaging in or performing *** any recreational or social activities primarily for the worker's personal pleasure."[1] An administrative law judge (ALJ) and the Workers' Compensation Board both concluded that ORS 656.005(7)(b)(B) did not apply and, hence, that claimant's injuries were compensable. Employer seeks review of the board's order, raising three assignments of error. We reject two of the assignments without written discussion and write to address only employer's contention that the board erred in concluding that the exclusion in ORS 656.003(7)(b)(B) did not apply to the claim in this case. We conclude that the board did not err and affirm.

Claimant worked as an office assistant for employer during tax season. Claimant typically arrived at employer's office around 10:00 a.m. and left around 6:00 p.m. Her duties included answering the phone, scheduling meetings, greeting customers, scanning documents, and photocopying. She also occasionally took letters and packages to the post office to be mailed for employer.

On the day that claimant was injured, Wagner, a co-owner of employer, decided to visit the bank. Wagner passed claimant while leaving the office. Claimant asked Wagner to take an envelope to the post office to be mailed.

---

[1] Employer failed to provide workers' compensation insurance for claimant and, hence, was a noncomplying employer on claimant's claim. The Department of Consumer and Business Services (DCBS) assigns claims involving noncomplying employers to a claims agent. *See* ORS 656.054(1). DCBS designated Sedgwick Claims Management Services as the claims agent in this case. We refer to Sedgwick as employer throughout this opinion because the review in this case concerns only the compensability of claimant's workers' compensation claim.

Claimant died during the pendency of the review in this case, and the personal representative of claimant's estate has moved to be substituted for claimant on review. The motion is granted. *See Sather v. SAIF*, 357 Or 122, 347 P3d 326 (2015) (holding that ORS 656.218 authorizes personal representative of deceased claimant's estate to pursue compensation claim to final resolution and, hence, personal representative may be substituted for deceased claimant as party).

Wagner agreed to do that. Claimant then offered to walk to the post office to mail the envelope herself. Wagner knew that claimant enjoyed walking and accepted claimant's offer.

The Canby Post Office is located three blocks west of employer's office. Claimant left her purse and keys at her desk and walked to the post office. She mailed the envelope at 3:58 p.m. using a company check signed by Wagner to pay for postage. A car subsequently struck claimant as she was crossing a street a block east of the post office. Police officers were dispatched to the accident at 4:01 p.m. and arrived two minutes later. A witness told the police that claimant was walking east when the car struck her. Claimant suffered serious injuries in the accident, for which she sought workers' compensation benefits. Employer denied the claim, and claimant requested a hearing before an ALJ.

Oregon's workers' compensation law provides that, subject to certain exclusions, an injury is compensable if it "aris[es] out of and in the course of employment." ORS 656.005(7)(a). One of the exclusions from compensability is in ORS 656.005(7)(b)(B), which excludes any injury "incurred while engaging in or performing, or as the result of engaging in or performing, any recreational or social activities primarily for the worker's personal pleasure." In *Roberts v. SAIF*, 341 Or 48, 56, 136 P3d 1105 (2006), the Supreme Court explained that, to determine whether the exclusion applies, the board should consider "both the degree to which a recreational or social activity serves the employer's work-related interests and the degree to which the worker engaged in the activity for the worker's personal pleasure."

The parties agreed that claimant was not competent to testify at the hearing before the ALJ. However, Wagner testified that she supposed that the principal reason that claimant took the envelope to the post office was to enjoy a walk outside, that is, for claimant's personal pleasure:

"Q. *** [Claimant] wasn't going to go to the bank. She simply was going to take the piece of mail that you had in your hand and walk to the post office, so she could get outside?

"A. Yeah, she didn't— We— She never went to the bank for us.

"Q. Okay. If under the circumstances as you know them, the weather, the fact that you had the envelope in ' your hand and there was no duty or obligation of [claimant] to take it to the post office, what do you think would be the principal reason why she walked out of your office that day at whatever time she did?

"A. Well, I was going to take the envelope, and then she said she would walk. So the principal—

"Q. Uh-huh

"A. reason? I suppose to walk, because I was going to take the envelope."

Wagner further testified that the envelope had to be mailed at the post office that day.

The ALJ concluded that the exclusion did not apply and that claimant's injury was compensable. Employer appealed the ALJ's order to the board.

The board affirmed the ALJ. The board acknowledged Wagner's supposition that claimant's principal purpose in going to the post office was to take a walk. However, the board noted that the post office was the only place that claimant visited on her walk, that she paid for the mail with a company check, and that she was injured while walking back to employer's office. The board concluded that, "based on [that] evidence, we are not persuaded that personal pleasure was the principal reason for claimant's activity at the time of her injury."

Employer assigns error to the board's conclusion that claimant's personal pleasure was not the principal reason that claimant took the envelope to the post office. Employer further contends that the board failed to do what *Roberts* required it to do, which is to compare the work-related benefit of the recreational activity to the employer with the personal benefit to the worker. We disagree.

The board's order reflects that it did engage in the balancing required by *Roberts*. The order acknowledges that there is evidence that claimant enjoyed walking, which led

her to offer to mail the envelope. However, the order then lists several facts that bear on the extent to which employer benefited from claimant's walk to the post office. Therefore, the order reflects that the board weighed the requisite factors and, consequently, complied with *Roberts*.

Implicit in employer's ultimate position is that, because Wagner would have performed the work task if claimant had not performed it, claimant's actions did not advance employer's work-related interests, and, hence, claimant's personal enjoyment in performing the task necessarily outweighed the benefit to employer. The board properly rejected that reasoning. That claimant derived recreational enjoyment from performing a work task and volunteered to perform it does not mean that the task lost its significance as a work-related task. The board did not err in concluding that the exclusion did not apply.

Motion to substitute claimant's personal representative as the real party in interest granted; affirmed.